[No. D054878. Fourth Dist., Div. One. July 2, 2010.]

AIR MACHINE COM SRL et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
PONANI SUKUMAR et al., Real Parties in Interest.

## COUNSEL

Solomon Ward Seidenwurm & Smith, Edward J. McIntyre and Tanya M. Schierling for Petitioners.

No appearance for Respondent.

Jones Day, Elwood Lui, Jose L. Patino, Brian M. Hoffstadt, Erica L. Reilley; Horvitz & Levy and Frederic D. Cohen for Real Parties in Interest.

## OPINION

**BENKE, Acting P. J.**—Air Machine Com SRL, an Italian limited company (COM), and Panatta Sport SRL, an Italian limited company (Panatta) (together, petitioners), seek to overturn in this writ of mandate proceeding the trial court's ruling that they generally appeared (and thus forfeited their objection to personal jurisdiction) when they jointly served a statutory offer of settlement under Code of Civil Procedure[1] section 998 (998 offer) on real parties in interest Ponani Sukumar and Southern California Stroke Rehabilitation Associates (together, Sukumar) while their motions to quash service of summons for lack of jurisdiction were pending.

Petitioners contend the trial court erred in treating their 998 offer as a general appearance because their "act" of serving the 998 offer fell within the purview of section 418.10, subdivision (e)(1), which they contend "clear[ly]" applies to prevent a defendant's involuntarily submission to jurisdiction when a defendant moves to quash service of summons and engages in "*any* other action" during the pendency of the motion to quash.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

As we explain, we conclude section 418.10, subdivision (e)(1), applies to petitioners' service of the 998 offer on Sukumar.[2] Because petitioners filed their motion to quash under subdivision (a) of section 418.10 *before*[3] they served their 998 offer on Sukumar, and because, as we discuss *post*, we interpret subdivision (e)(1) of section 418.10 broadly to include any "act," we conclude petitioners were not deemed to have generally appeared in the action.

We thus grant the petition, vacate the trial court's order denying petitioners' motions to quash service of summons for lack of personal jurisdiction and remand the matter to the trial court with directions to consider anew their motions to quash without regard to whether petitioners waived their jurisdictional challenge by serving Sukumar with the 998 offer.

## BACKGROUND

The facts are not in dispute. In April 2007 Sukumar filed a complaint in the Superior Court of San Diego County against defendants Air Machine, an Italian corporation (Air Machine), on the one hand, and Health Tech Resources, Inc., doing business as Impact Fitness Systems and Thomas R. Eggers (together, Eggers), on the other hand, for breach of contract and various other causes of action. Sukumar alleged in his complaint that Eggers owned Impact Fitness Systems and acted as the United States sales agent of Air Machine, which Sukumar alleged manufactured exercise equipment for sale in the United States, including in California.

Sukumar further alleged that he entered into a contract with defendants to purchase multiple pieces of Air Machine equipment that he intended to use in a rehabilitation center he planned to open and operate. However, when the exercise equipment arrived, Sukumar alleged it had multiple defects that Eggers did not remedy, despite his promises otherwise.

In July 2007 Sukumar served petitioner COM (who claimed it had been erroneously sued as Air Machine) under the Hague Convention. COM and Sukumar subsequently stipulated to allow Sukumar to conduct expedited

---

[2] We note the trial court was not confronted with whether subdivision (e) of section 418.10 applied to petitioners' 998 offer. At our request, the parties submitted supplemental briefing regarding the application of section 418.10, subdivision (e), and its legislative history, which we have read and considered in reaching our decision.

[3] Subdivision (e) of section 418.10 states that a party may make a motion under subdivision (a) of that statute and *simultaneously* move to answer, demur or move to strike. As we discuss *post*, the protection afforded a party under subdivision (e) of section 418.10 also applies to situations such as the instant case, where a party first files a motion under subdivision (a) of that statute.

jurisdictional discovery in the event COM moved to quash service of summons based on lack of jurisdiction. COM filed its motion to quash in mid-October 2007. However, before that motion could be heard, Sukumar filed a first amended complaint, added Panatta as a defendant and separately named COM and Air Machine as defendants. Sukumar served Panatta in April 2008 under the Hague Convention.

In mid-May 2008 petitioners each moved to quash service of summons of the first amended complaint on grounds California lacked personal jurisdiction over them. COM and Panatta each argued they did not have minimum contacts in California sufficient for the exercise of personal jurisdiction.[4]

Shortly after they filed their motions to quash, petitioners served Sukumar with their 998 offer. It provides: "Pursuant to Code of Civil Procedure section 998, Defendants [COM] and [Panatta] (collectively 'Defendants') offer to compromise and pay Plaintiff[] [Sukumar] the total sum of Twenty Five Thousand Dollars ($25,000.00) in full satisfaction of [Sukumar's] claims against Defendants in this action. [¶] This offer is expressly contingent on Plaintiffs dismissing, with prejudice, the above-referenced action against Defendants. [¶] Plaintiffs shall indicate their acceptance by signing and dating below within thirty (30) days after this offer is made, or it will be deemed withdrawn. [¶] This offer is subject to all provisions of Code of Civil Procedure section 998, and shall be deemed to have been made on May 28, 2008."

The 998 offer was signed by counsel of COM and Panatta, and below counsel's signature there were signature lines for Sukumar (and his company) to accept the 998 offer. Sukumar obviously did not sign the 998 offer.

Sukumar opposed the quash motions, arguing that COM and Panatta were subject to personal jurisdiction in California based on their contacts and/or those of Air Machine, a related company, and that, in any event, they waived jurisdiction when they served their 998 offer on him.

During argument on their quash motions, the trial court noted that "one of the significant purposes of a 998 is to take advantage of the laws of the State of California which will get you significant sums of money by way of costs, expert costs, other costs in the event that . . . your offer is not accepted" and plaintiff fails to obtain a more favorable judgment or award. In the court's view, the 998 offer amounted to petitioners "availing [themselves] of the laws of the State of California to get . . . a significant benefit at the end of this trial."

---

[4] Air Machine also filed its own motion to quash, but did *not* participate in the 998 offer.

Counsel for COM and Panatta argued the 998 offer should not be considered an appearance because they were "not asking the court to do anything," they were "not asking for any relief," and the offer itself was written so as to not mention "anything about entering judgment." Counsel for COM and Panatta also argued the 998 offer was a "backup plan" if petitioners were unable to get out of the case on their motions to quash.

The trial court denied the motions to quash of COM and Panatta, but granted the motion of Air Machine. As to COM and Panatta, the court ruled they submitted to the jurisdiction of the court when they served the 998 offer on Sukumar in late May 2008. The court therefore did not address whether petitioners had sufficient minimum contacts in California to subject them to the court's jurisdiction.

As to Air Machine, the trial court found Sukumar did not proffer sufficient evidence to show the contacts between Air Machine and the forum state were "substantial, continuous and systematic," and/or to establish Air Machine "purposefully availed itself of forum benefits with respect to the matter in controversy; . . . the controversy is related to or arises out of defendant's contacts with the forum; and . . . the exercise of jurisdiction would comport with fair play and substantial justice."[5]

COM and Panatta petitioned this court for a writ of mandate seeking relief from the trial court's order. We issued an order to show cause and deemed the briefs on file as the return and reply to the order to show cause. We subsequently asked the parties for additional briefing analyzing the legislative history of subdivision (e) of section 418.10. In particular, we asked whether subdivision (e): (1) applied only to a defendant who makes a motion under section 418.10 and *simultaneously* demurs to, answer or moves to strike a complaint, or whether the Legislature intended this subdivision to apply more broadly, (2) applied only to demurrers, answers and motions to strike, or whether the Legislature intended it to apply more broadly, and (3) conformed California practice with respect to challenging jurisdiction to the practice under rule 12(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

■ It has long been the rule in California that "a party waives any objection to the court's exercise of personal jurisdiction when the party makes a general appearance in the action." (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341 [25 Cal.Rptr.3d 488] (*Roy*); see also *Dial 800 v.*

---

[5] Sukumar has separately appealed the court's ruling granting Air Machine's motion to quash. (See *Sukumar v. Health Tech Resources, Inc.* (D054985) (app. pending).)

*Fesbinder* (2004) 118 Cal.App.4th 32, 52 [12 Cal.Rptr.3d 711] [" ' "A general appearance operates as a consent to jurisdiction of the person . . . ." [Citation.]' "].) Section 1014 reads in part: "A defendant appears in an action when the defendant answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant. . . ."

■ "The statutory list of acts constituting an appearance [under section 1014] is not exclusive; 'rather the term may apply to various acts which, under all of the circumstances, are deemed to confer jurisdiction of the person. . . .' [Citation.]" (*Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147 [95 Cal.Rptr.2d 701, 998 P.2d 403]; *Slaybaugh v. Superior Court* (1977) 70 Cal.App.3d 216, 222 [138 Cal.Rptr. 628] ["[A] defendant may appear in ways other than those specifically designed in section 1014."].) Thus, whether a party engaged in an act that amounts to an appearance is "fact specific." (*Hamilton v. Asbestos Corp., supra*, 22 Cal.4th at p. 1147.)

Here, we need not decide whether petitioners' 998 offer amounted to a general appearance because we conclude subdivision (e) of section 418.10 governs in this situation. We turn now to that issue.

### A. *Section 418.10, Subdivision (e)*

Subdivision (e) was added to section 418.10 in 2002. (*Roy, supra*, 127 Cal.App.4th at p. 341.) Subdivision (e) provides: "A defendant or cross-defendant may make a motion under this section and *simultaneously* answer, demur, or move to strike the complaint or cross-complaint."[6] (Italics added.)

Subdivision (e)(1) of section 418.10 provides: "Notwithstanding Section 1014, no *act* by a party who makes a motion under this section, *including* filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section. If the court denies the motion made under this section, the defendant or cross-defendant is not deemed to have generally appeared until entry of the order denying the motion." (Italics added.)

Subdivision (e)(2) of section 418.10 states: "If the motion made under this section is denied and the defendant or cross-defendant petitions for a writ of

---

[6] Subdivisions (e) and (e)(1) of section 418.10 use the disjunctive in listing "answer," "demurrer" *or* "motion to strike." (§ 418.10, subd. (e), (e)(1).) We note, however, California law allows parties to demur and answer at the same time (§ 430.30, subd. (c)), and also allows parties to demur and move to strike at the same time (§ 435, subd. (c)). We conclude, therefore, the word "or" in subdivisions (e) and (e)(1) means "and/or."

mandate pursuant to subdivision (c), the defendant or cross-defendant is not deemed to have generally appeared until the proceedings on the writ petition have finally concluded."

Finally, subdivision (e)(3) of section 418.10 provides: "Failure to make a motion under this section at the time of filing a demurrer or motion to strike constitutes a waiver of the issues of lack of personal jurisdiction, inadequacy of process, inadequacy of service of process, inconvenient forum, and delay in prosecution."

No case has interpreted the word "act" in subdivision (e)(1) of section 418.10 or determined the subdivision's scope. Petitioners, who raised this issue for the first time in their petition for writ of mandate,[7] contend the statutory language of subdivision (e)(1) of section 418.10 is clear and unambiguous. Based on the plain meaning rule, petitioners contend the words "no act" in this subdivision mean literally *any* action, and thus "a defendant may move to quash coupled with *any* other action without being deemed to have submitted to the court's jurisdiction." Because petitioners filed their motions to quash *before* they served Sukumar with the 998 offer, they contend their "act" of serving the 998 offer is not deemed a general appearance within the meaning of subdivision (e)(1) of section 418.10.

We disagree with petitioners' contention that subdivision (e) of section 418.10 and its subparts are clear and unambiguous on their face. Read in isolation, subdivision (e) of section 418.10 appears to apply only to the situation when a defendant makes a motion under subdivision (a) of that statute and *"simultaneously"* "answer[s]," "demur[s]," or "move[s] to strike" the complaint. (Italics added.) However, petitioners' own brief undermines their contention subdivision (e) is unambiguous, inasmuch as petitioners also contend the legislative history of subdivision (e) shows that a party will not be deemed to have made a general appearance if the party files a motion under subdivision (a) of section 418.10 *before* filing an answer, demur or motion to strike, as opposed to filing such a motion *simultaneously*. (Sen. Com. on Judiciary Analysis of Sen. Bill. No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, p. 4 ["[Senate Bill No. 1325] would provide that a

---

[7] Although appellate courts ordinarily will not consider a matter raised for the first time on appeal, whether to apply that rule is largely a question of the appellate court's discretion. (*Bayside Timber Co. v. Board of Supervisors* (1971) 20 Cal.App.3d 1, 4–5 [97 Cal.Rptr. 431] [noting there are many situations when courts will consider a matter for the first time on appeal, including when the issue relates to a question of law only]; *Isthmian Lines, Inc. v. Schirmer Stevedoring Co.* (1967) 255 Cal.App.2d 607, 610 [63 Cal.Rptr. 458] ["[A]n appellate court may, in its discretion, consider issues which are raised for the first time on appeal."].) Because application of section 418.10, subdivision (e), involves a question of law only, and the facts at issue here are not, in any event, in dispute, we exercise our discretion to take up this issue on appeal.

defendant 'may' move to quash service concurrently with a substantive response to the complaint without being penalized for failing to move to quash first, but does not require a concurrent filing. Under this bill, a defendant still could opt to challenge jurisdiction with a motion to quash prior to answering, demurring to, or moving to strike the complaint."]; Assem. Com. on Judiciary Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as amended Apr. 9, 2002, p. 4 [same].)

We further reject petitioners' contention that section 418.10, subdivision (e), is clear and unambiguous in light of the words "no act" and "including" in subdivision (e)(1).[8] (See *Fernandez v. California Dept. of Pesticide Regulation* (2008) 164 Cal.App.4th 1214, 1228 [80 Cal.Rptr.3d 418] ["[W]e do not view the words of a statute in isolation, but construe them in context, keeping in mind the statutory purpose, interpreting legislation reasonably and attempting to give effect to the apparent purpose of the statute."].) Indeed, the Legislature's inclusion of these words suggests there are "acts" other than "filing an answer, demurrer, or motion to strike" (§ 418.10, subd. (e)(1)) that when undertaken by a party do not constitute an appearance until an order denying the motion is entered (or if a writ is taken, when those proceedings have concluded).

■ Because we conclude the statutory language of subdivision (e) of section 418.10 is susceptible of more than one reasonable interpretation, we must "examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes." (*Rothschild v. Tyco Internat. (US), Inc.* (2000) 83 Cal.App.4th 488, 496 [99 Cal.Rptr.2d 721].) "To determine the most reasonable interpretation of a statute, we look to its legislative history and background." (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332 [104 Cal.Rptr.3d 219, 223 P.3d 77]; see also *Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744 [38 Cal.Rptr.2d 650, 889 P.2d 970] [" 'When the language is susceptible of more than one reasonable interpretation . . . we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, . . . and the statutory scheme of which the statute is a part. [Citations.]' "].)

---

[8] Subdivision (e) of section 418.10 is hardly a model of clarity. (See *Roy, supra,* 127 Cal.App.4th at p. 346 ["We recognize that the statutory language [of subdivision (e) of section 418.10] is not as clear as it might be . . . ."].) However, " '[w]e must limit ourselves to interpreting the law as written and leave for the . . . Legislature the task of revising it as they deem wise.' " (*People ex rel. Foundation for Taxpayer & Consumer Rights v. Duque* (2003) 105 Cal.App.4th 259, 266 [129 Cal.Rptr.2d 298], quoting *People v. Garcia* (1999) 21 Cal.4th 1, 15 [87 Cal.Rptr.2d 114, 980 P.2d 829].)

B.  *Legislative History*

The legislative history is silent regarding the meaning of the word "act" in subdivision (e)(1) of section 418.10. Subdivision (e) was introduced in Senate Bill No. 1325 in January 2002. (Sen. Bill No. 1325 (2001–2002 Reg. Sess.).) The Legislative Counsel's Digest of Senate Bill No. 1325 states: "The bill would permit a defendant or cross-defendant to move to quash service of summons . . . and simultaneously answer, demur or move to strike the complaint or cross-complaint. The bill would specify certain circumstances under which a party is not deemed to have made a general appearance for purposes of a court exercising its jurisdiction. [¶] The bill would declare the intent of the Legislature in enacting its provisions to conform California practice with respect to challenging personal jurisdiction to the practice under Rule 12(b) of the Federal Rules of Civil Procedure." (Legis. Counsel's Dig., Sen. Bill No. 1325 (2001–2002 Reg. Sess.).)

The legislative history shows the Conference of Delegates of the State Bar of California was the originator of Senate Bill No. 1325. (Sen. Com. on Judiciary, background information request for Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002.) The digest of the 02-04-2001 resolution passed by the conference of delegates (resolution), which set forth the original text of Senate Bill No. 1325, states the proposed bill "[a]mends" section 418.10 "to allow a party to object while moving to quash service without having the objections constitute a general appearance." (Sen. Com. on Judiciary, background information request for Sen. Bill No. 1325 (2001–2002 Reg. Sess.) at pp. 02-04-01 & 02-04-02 of resolution.)

The digest further states under "reasons" for the proposed bill that "federal procedure on which [the bill] is patterned is simpler and more expeditious and involves fewer pitfalls for the unwary than current state provisions." (Sen. Com. on Judiciary, background information request for Sen. Bill No. 1325 (2001–2002 Reg. Sess.) at pp. 02-04-01 & 02-04-02 of resolution.) In addition, the federal courts use the same "minimum contacts" standard used in state courts to determine personal jurisdiction, and under rule 12(g) of the Federal Rules of Civil Procedure (28 U.S.C.) (rule 12), "objections to the merits of pleadings may be combined with objections to personal jurisdiction, and failure to combine all such objections results in a waiver of the omitted ones except as permitted under . . . [r]ule 12(h)(2). Under current California procedure, however, the issue of jurisdiction *in personam* must be submitted first, before any other objections; if a party makes other objections, a general appearance is made, waiving objections to personal jurisdiction. (See *Greener v. WCAB* (1993) 6 Cal.4th 1028, 1036–1037 [25 Cal.Rptr.2d 539, 863 P.2d 784].) The result is a multiplicity of motions and appearances, *as well as the risks of inadvertent waivers of objections to personal jurisdiction.*

*The federal procedure expedites cases, avoids unfair pitfalls, and should be adopted as proposed by this resolution.*" (Sen. Com. on Judiciary, background information request for Sen. Bill No. 1325 (2001–2002 Reg. Sess.) at p. 02-04-01 of resolution, italics added.)

The original version of Senate Bill No. 1325 (2001–2002 Reg Sess.) was limited to a motion to quash service of summons. To reduce confusion, the Senate Judiciary Committee recommended expanding Senate Bill No. 1325 to include other "traditional" types of "special appearances" that are set forth in subdivision (a) of section 418.10, including motions to stay or dismiss an action on the ground of inconvenient forum and motions to dismiss for delay in prosecution. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, p. 5, citing § 418.10, subd. (a).)

The Senate Judiciary Committee noted the sponsor of Senate Bill No. 1325 (2001–2002 Reg. Sess.) believed the amendment to section 418.10 was necessary because "current California law on special and general appearances 'is a quagmire filled with traps for the unwary.' The basic, common law doctrine—that a special appearance must be strictly limited to objecting to personal jurisdiction, and that taking any other step in the action constitutes a general appearance and consent to jurisdiction—is 'riddled with exceptions.' . . . [¶] . . . [¶] Ultimately, whether any act short of filing an answer constitutes a general appearance will depend on whether an appellate court feels that the particular act in some way recognizes the trial court's jurisdiction. [Citation.] According to the sponsor, 'the inconsistency of current decisions indicates that the courts themselves find it difficult to apply the rule.' " (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, pp. 3–4.)

The Senate Judiciary Committee further noted Senate Bill No. 1325 (2001–2002 Reg. Sess.) would "conform" California procedure to federal procedure: "The federal courts abolished the distinctions between special and general appearances in 1937. Since that time, federal rule 12(b) has provided that the defenses of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process may be made by motion in conjunction with a motion to dismiss for lack of subject-matter jurisdiction—the federal equivalent of California's demurrer." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, p. 4.)

As amended, the Legislative Counsel's Digest stated Senate Bill No. 1325 (2001–2002 Reg. Sess.) "would permit a defendant or cross-defendant to move to quash service of summons, *move to stay or dismiss the action on the*

*grounds of inconvenient forum, or move to dismiss for delay in prosecution,* and simultaneously answer, demur, or move to strike the complaint or cross complaint." (Legis. Counsel's Dig., Sen. Bill. No. 1325 (2001–2002 Reg. Sess.), as amended April 9, 2002.)[9]

## C. *Analysis*

Petitioners argue the legislative history shows the Legislature intended section 418.10, subdivision (e)(1) to apply broadly based on its inclusion of the words "act" and "including," and its concern that California's (then) law regarding special and general appearances was a " 'quagmire filled with traps for the unwary' " that led to inconsistent decisions by courts regarding what activity would and would not be considered a general appearance. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, p. 3.)

Sukumar argues the word "act" should be read narrowly to solve what it claims was a specific problem: "the inconsistent effect given to different *objections* or *defenses* to a lawsuit." Sukumar further argues that construing the word "act" in section 418.10, subdivision (e)(1) to include any and all acts of a party taken during the pendency of a motion will rewrite the law of general appearances "to create an expansive, across-the-board immunity from forfeiture during the pendency of a motion to quash—regardless how much a litigant seeks to obtain affirmative relief in the interim."

We conclude that petitioners' view of subdivision (e) of section 418.10 is correct. Several factors guide us in this determination.

First, we note that section 418.10, subdivision (e)(1) specifically references section 1014, which is a *nonexhaustive* statutory list of acts constituting a general appearance. (*Hamilton v. Asbestos Corp., supra,* 22 Cal.4th at p. 1147; *Slaybaugh v. Superior Court, supra,* 70 Cal.App.3d at p. 222.) It would make little sense to limit subdivision (e)(1) to an answer, demurrer or motion to strike, or even to an objection or defense to a lawsuit, as Sukumar

---

[9] The remaining portion of the legislative history of Senate Bill No. 1325 (2001–2002 Reg. Sess.) adds little to our analysis, as it contains various committee reports repeating the *same* reasons given by the Senate Judiciary Committee for the need for the bill. (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.), Apr. 9, 2002, p. 3 ["According to the State Bar Conference of Delegates, sponsor of this bill, current California law on special and general appearances 'is a quagmire filled with traps for the unwary' " and the federal procedure on which the bill is based allows consolidation of preliminary objections "in a single motion, avoiding confusion and inadvertent error, as well as the expense, burden and delay of successive filings."]; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as amended Apr. 9, 2002, pp. 2–3 [same].)

urges, when the issue of whether a party engaged in an "act" that amounts to an appearance under section 1014 is "fact specific." (See *Hamilton v. Asbestos Corp., supra,* 22 Cal.4th at p. 1147.)

Second, if we ignored the word "including" in section 418.10, subdivision (e)(1), and limited the word "act" in that subdivision to an "answer, demurrer or motion to strike," or even went so far as to broaden the word "act" to include *objections* or *defenses* to a lawsuit, as Sukumar urges, we would do little to alleviate the "traps for the unwary" that the Legislature sought to eliminate with the passage of Senate Bill No. 1325 (2001–2002 Reg. Sess.). Instead, the parties would then be forced to litigate the derivative issue of whether, for purposes of subdivision (e)(1) of section 418.10, a party engaged in acts or activities that constitute an "objection" or a "defense" to a lawsuit.

In light of the Legislature's intent in enacting section 418.10, subdivision (e), of eliminating the risk of inadvertent waivers of objections to personal jurisdiction based on a step as trivial as "merely requesting the continuance of a proceeding" (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, p. 3), we refuse to spring a party from one trap only to have that party wind up in another.

Third, as a practical matter, a party who files a motion under subdivision (a) of section 418.10 is not likely to engage in activity during the pendency of the motion that has as its objective the obtaining of "affirmative relief" in the lawsuit. To the contrary, a decision in favor of a movant under subdivision (a) of section 418.10 *avoids* the delay and expense of protracted litigation and trial. (See *Jardine v. Superior Court* (1931) 213 Cal. 301, 305 [2 P.2d 756].) Thus, we do not believe construing the word "act" broadly will actually encourage litigation between parties.

■ Fourth, our decision does not rewrite California law regarding general and special appearances. Under subdivision (e)(3) of section 418.10, a party still will be deemed to have "generally appeared" in the action if the party fails to file a motion under subdivision (a) of section 418.10 and otherwise engages in acts or activities that recognize the court's jurisdiction over the party. If, however, a party files a motion under that subdivision before or simultaneously with an act that would otherwise constitute a general appearance, under subdivision (e) of section 418.10 that party will *not* be deemed to have "generally appeared" in the action, but instead will be deemed to have "specially appeared" and not waived the party's jurisdictional challenge.

■ With regard to this last point, we acknowledge, as have courts interpreting section 418.10, subdivision (e) before us (*State Farm General Ins.*

*Co. v. JT's Frames, Inc.* (2010) 181 Cal.App.4th 429, 441–442 [104 Cal.Rptr.3d 573] (*JT's Frames*)), the Legislature's statement that in enacting the 2002 amendment to section 418.10 it intended " 'to conform California practice with respect to challenging personal jurisdiction to the practice under Rule 12(b) of the Federal Rules of Civil Procedure.' " (See Stats. 2002, ch. 69, § 2.) However, like the courts before us, we conclude the "Legislature intended to conform California law to federal procedures only with respect to preliminary objections to a complaint, not in other areas." (*JT's Frames, supra*, 181 Cal.App.4th at p. 442 [rejecting argument that order denying defendant's motion to quash was appealable under subd. (e) of § 418.10 because defendant litigated the merits of the action and thus generally appeared in the action, despite federal procedures that allow the issue of personal jurisdiction to be litigated long after litigation of the merits has commenced and to be appealed after the case is resolved]; *Roy, supra*, 127 Cal.App.4th at p. 343 [rejecting defendants' argument that under subd. (e) of § 418.10 they preserved their jurisdictional challenge when they asserted lack of personal jurisdiction as one of their 24 affirmative defenses in their answer to the complaint and actively participated in the merits of the litigation, even though federal procedure allows a party to assert the defense of lack of personal jurisdiction in a responsive pleading and to try that issue at the time of trial].)

Thus, even though federal courts abolished the distinction between special and general appearances in 1937 (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, pp. 3–4; *S.E.C. v. Wencke* (9th Cir. 1986) 783 F.2d 829, 832, fn. 3), this distinction continues to be recognized in California. (Accord, § 418.10, subd. (e)(1) and (2) [using the term "generally appeared" in the statute].)

### D. *Conclusion*

■ Based on the objects to be achieved and the evils to be remedied as demonstrated by the legislative history, we conclude the Legislature meant the word "act" in section 418.10, subdivision (e)(1) to apply broadly. We thus conclude the word "act" in subdivision (e)(1) of section 418.10 means *any* act, and is not limited to an "act" that is defensive in nature, as Sukumar contends. (See *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977–978 [90 Cal.Rptr.2d 260, 987 P.2d 727], quoting *People v. Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224] [In interpreting an ambiguous statute, "we 'must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute' . . . ."]; *Welch v. Oakland Unified School Dist.* (2001) 91 Cal.App.4th 1421, 1428 [111 Cal.Rptr.2d 374] [in construing a statute, courts employ the rule "that a statute 'must be given a

reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity' "].)

■ Here, petitioners filed their motions to quash under subdivision (a) of section 418.10 *before* they served Sukumar with their 998 offer. (Cf. *Factor Health Management v. Superior Court* (2005) 132 Cal.App.4th 246, 252 [33 Cal.Rptr.3d 599] [concluding defendants were not protected from making a general appearance by subdivision (e)(1) of section 418.10 because they filed an ex parte application for an order setting depositions to oppose a temporary restraining order *before* they filed their joint motion to quash service of summons].) As such, based on subdivision (e)(1), petitioners were not deemed to have "generally appeared" in the action as a result of their "act" of serving the 998 offer on Sukumar.

## DISPOSITION

Let a peremptory writ issue directing the superior court to vacate its March 5, 2009 order denying petitioners' motions to quash service of summons for lack of personal jurisdiction and to conduct further proceedings on petitioners' motions to quash without regard to whether they waived their jurisdictional challenge by serving Sukumar with the 998 offer. The stay issued on December 11, 2009, is vacated. Petitioners are to recover their costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(2).)

Huffman, J., and Irion, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied September 29, 2010, S185297.