Filed 3/25/21  Marriage of Sellers CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of JENNIFER and MAJOR SELLERS. | 2d Civil No. B306844 (Super. Ct. No. D381067) (Ventura County) |
| JENNIFER H. SELLERS,    Respondent, v. MAJOR E. SELLERS,    Appellant. | |

Major E. Sellers (husband) appeals from a judgment dividing the community estate and awarding spousal support to Jennifer H. Sellers (wife).  The trial court initially ruled that it lacked personal jurisdiction over husband, who resided in Virginia.  In addition, it ruled that it lacked subject matter jurisdiction with respect to custody of the parties' minor children,

who also resided in Virginia.[1]  Husband subsequently moved to strike portions of wife's petition as to which there was a lack of personal or subject matter jurisdiction.  The trial court ruled that the motion to strike constituted a general appearance conferring jurisdiction over husband's person.  Husband contends, and we agree, that the trial court erred.  Accordingly, we reverse.

*Factual and Procedural Background*

The parties married in 1999 and separated in 2016.  They have three children.

In January 2017 husband filed for divorce in Virginia.  Two months later, in Ventura County Superior Court (hereafter court or trial court), wife, who resides in California, filed a petition to dissolve the marriage.  She requested, inter alia, custody of the children, spousal support, a determination of the parties' rights in community and quasi-community property, and attorney fees and costs.

Husband filed a motion to "quash service of summons [and] petition." (Bold and capitalization omitted.)  He argued that the trial court lacked personal jurisdiction over him because "he is not a resident of California and has had only minimal contact with the State . . . since moving out of California over 5 years ago."  Husband also argued that the trial court "does not meet the

_____

[1] "The lack of subject matter jurisdiction is a jurisdictional defect of the fundamental type.  A trial court lacks jurisdiction in the fundamental sense where there is 'an entire absence of power to hear or determine the case.' [Citation.]  '[P]ersonal jurisdiction relates to the power to bind a particular *party,* and depends on the party's presence, contacts, or other conduct within the forum state.'" (*Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 6-7.)

jurisdictional requirements to make child custody determinations" under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). (Fam. Code, § 3400 et seq.)

The trial court found that husband and the three children reside in Virginia. The court concluded that it lacked (1) personal jurisdiction over husband and (2) UCCJEA jurisdiction with respect to custody of the minor children. The court did not mention subject matter jurisdiction. But ""[i]t is well settled in California that the UCCJEA is the exclusive method of determining subject matter jurisdiction in custody disputes involving other jurisdictions."'" (*In re Marriage of Kent* (2019) 35 Cal.App.5th 487, 493; accord, *In re Stephanie M.* (1994) 7 Cal.4th 295, 310.) Custody determinations under the UCCJEA do not require personal jurisdiction. (Fam. Code, § 3421, subd. (c) ["personal jurisdiction over[] a party or a child is not necessary or sufficient to make a child custody determination"].)

The court granted husband's motion to quash service of process as to those portions of wife's petition requiring personal jurisdiction over husband or UCCJEA subject matter jurisdiction.[2] "'[T]he effect of granting a motion to quash service is to declare the service void and not to dismiss the complaint. . . .'" (*Nelson v. Horvath* (1970) 4 Cal.App.3d 1, 4.)

---

[2] The court's verbatim ruling was as follows: "This court does not have *in personam* ('personal') jurisdiction over [husband] and, as to this aspect of jurisdiction, the Motion to Quash is granted. [¶] . . . This court does not have UCCJEA jurisdiction and, as to this aspect of jurisdiction, the Motion to Quash is granted." The court stated, "[T]here is no question that Virginia is the children's 'home state' and that the Commonwealth of Virginia has exclusive UCCJEA jurisdiction."

3

The trial court determined that it had "*in rem* jurisdiction to adjudicate the status of the marriage under the doctrine of divisible divorce[] and, at least hypothetically, *in rem* jurisdiction over the real property . . . and . . . any personal property" in California. The parties owned residential real property in San Bernardino County.

Husband filed a motion to strike from wife's petition her requests for child custody, child support, spousal support, attorney fees and costs, and the division of the parties' community property interest in husband's military retirement benefits. Husband argued that, in view of the court's ruling that it lacked personal and UCCJEA jurisdiction, these requests "are no longer properly before the court." After a hearing the trial court ruled that husband's "request for affirmative relief[] constitutes a general appearance" conferring jurisdiction over his person, even though at the hearing husband had withdrawn his motion to strike. The court stated, "The general appearance was made by the filing of the motion . . . ."

In husband's Virginia action, wife was in default because she had not filed a pleading in response to husband's complaint for divorce. In February 2018 the Virginia court granted husband "sole legal and physical custody of the minor children of the marriage." In April 2018 it granted him "a final decree of divorce" from wife. The Virginia court made no order as to spousal support or division of the parties' property.

As to the Ventura County action, on January 23, 2020, a trial was conducted on wife's petition for dissolution. The court issued a written ruling dividing the community estate, including husband's military retirement benefits. It ordered husband to pay spousal support of $750 per month.

4

*Absence of Formal Judgment*

No formal judgment was filed. In its written ruling after the trial, the court stated, "The substantive provisions of this Ruling shall be incorporated into a Judgment to be prepared by [wife's counsel] and approved by [husband's counsel]." But there is no judgment in the record on appeal, and the register of actions does not mention a judgment. In the interest of judicial economy, we consider the court's ruling to be a final appealable judgment. (See *Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 571.) There is no reason to delay the appeal by requiring the parties to obtain the omitted judgment. The issues have been fully briefed. Neither party contests the appealability of the trial court's ruling. Both parties refer to the ruling as a "judgment." A formal judgment would merely incorporate the substantive provisions of the ruling.

*No Waiver of Right to Appeal*

Wife claims that husband waived his right to appeal from the judgment because he failed to file an appeal from the trial court's interlocutory ruling that he had made a general appearance conferring jurisdiction over his person. Wife's claim is forfeited. Wife cites no authority granting the right to appeal from such a ruling. "''When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].''" (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.)

*General Appearance*

"'A general appearance occurs when the defendant takes part in the action or in some manner recognizes the authority of the court to proceed.' [Citation.] Such participation operates as consent to the court's exercise of jurisdiction in the

proceeding. . . . By generally appearing, a defendant relinquishes all objections based on lack of personal jurisdiction or defective process or service of process." (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 7-8.) With few exceptions, "a party who seeks relief on any basis other than a motion to quash for lack of personal jurisdiction will be deemed to have made a general appearance . . . ." (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.)

*Husband Did Not Make a General Appearance*

Husband claims that the trial court erroneously construed his motion to strike as a general appearance conferring jurisdiction over his person. "A defendant appears in an action when the defendant . . . files a notice of motion to strike . . . ." (Code Civ. Proc., § 1014.)[3] Such an appearance is usually deemed to be a general appearance. (*Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 425 (*Air Machine*).) But the filing of a motion to strike does not constitute an appearance if the defendant simultaneously makes or, as here, previously made a motion "[t]o quash service of summons on the ground of lack of jurisdiction of the court over him or her." (§ 418.10, subds. (a)(1), (e)(1); *Air Machine, supra*, at p. 426.)

Husband's motion to quash was based on two grounds: (1) the trial court lacked jurisdiction over his person, and (2) the trial court lacked subject matter jurisdiction with respect to custody of the children under the UCCJEA. The motion to quash service of summons on the second ground was improper. "A motion to quash service of summons lies on the ground that the court lacks

---

[3] Unless otherwise stated, all further statutory references are to the Code of Civil Procedure.

6

personal, not subject matter, jurisdiction over the moving party." (*Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1036.)  If a court lacks subject matter jurisdiction, the defendant may move to dismiss the action.  (*Goodwine v. Superior Court of Los Angeles County* (1965) 63 Cal.2d 481, 484 (*Goodwine*) [on its own motion, court must dismiss action if there is no subject matter jurisdiction].)  The defendant may also challenge subject matter jurisdiction by making a motion to strike, a motion for judgment on the pleadings, or a motion for summary judgment. (*Greener*, *supra*, at p. 1036)

Husband's challenge of subject matter jurisdiction under the UCCJEA did not constitute a general appearance.  Where, as here, a defendant challenges the court's personal and subject matter jurisdiction, the challenge to the subject matter jurisdiction is not deemed to constitute a general appearance. (*Goodwine*, *supra*, 63 Cal.2d at pp. 484-485.)  "[A] challenge to the subject-matter jurisdiction of the court is not inconsistent with a challenge to personal jurisdiction.  Moreover, since the court must dismiss on its own motion [for lack of subject matter jurisdiction], an appropriate challenge to subject-matter jurisdiction aids the court in performing its duty.  The defendant should therefore be allowed to point out lack of subject-matter jurisdiction without making a general appearance."  (*Id.* at p. 484; see *Loftin v. Superior Court* (1971) 19 Cal.App.3d 577, 580 ["in *Goodwine* . . . the Supreme Court held that a challenge to the subject matter jurisdiction of the court, coupled with a challenge to its jurisdiction over the person of the defendant, does not constitute a general appearance"].)

The challenge to subject matter jurisdiction did not constitute a general appearance under section 418.10, subdivision

(e) because it accompanied a valid motion to quash service of summons for lack of personal jurisdiction. "If . . . a party files a motion [to quash service of summons for lack of personal jurisdiction] before or simultaneously with an act that would otherwise constitute a general appearance, under subdivision (e) of section 418.10 that party will *not* be deemed to have 'generally appeared' in the action, but instead will be deemed to have 'specially appeared' and not waived the party's jurisdictional challenge." (*Air Machine*, *supra*, 186 Cal.App.4th at p. 426; see also *Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 345 ["Nothing could be clearer: a defendant may move to quash coupled with *any* other action without being deemed to have submitted to the court's jurisdiction"].)

After the trial court had granted the motion to quash, husband moved to strike those portions of the petition as to which there was a lack of personal jurisdiction or UCCJEA subject matter jurisdiction. Because the trial court had previously granted husband's motion to quash service of summons as to allegations requiring personal jurisdiction over husband, the motion to strike the same allegations did not constitute a general appearance. (§ 418.10, subds. (a)(1), (e)(1); *Air Machine*, *supra*, 186 Cal.App.4th at p. 426.) Furthermore, the motion to strike should be viewed not independently but rather as a continuation of the valid motion to quash for lack of personal jurisdiction. The motion to strike merely effectuated the trial court's order granting the motion to quash as to allegations for which there was no personal jurisdiction.

Because the court had previously ruled that it did not have UCCJEA subject matter jurisdiction with respect to custody of the children, the motion to strike the petition's allegations

requiring UCCJEA jurisdiction also did not constitute a general appearance. The motion to strike was in effect a motion to dismiss the allegations for lack of subject matter jurisdiction. (See *Goodwine, supra,* 63 Cal.2d at p. 484 ["We disagree with plaintiff . . . that a motion to dismiss for lack of subject-matter jurisdiction is a general appearance"].

In addition, the motion to strike the allegations requiring UCCJEA jurisdiction was not a general appearance because it was preceded by husband's valid motion to quash service of summons for lack of personal jurisdiction. (§ 418.10, subd. (e); *Air Machine, supra,* 186 Cal.App.4th at p. 426; *ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 204 ["under section 418.10, subdivision (e), a party who moves to quash [service of summons for lack of personal jurisdiction] may—concurrently with or after filing a motion to quash—participate in the litigation and 'no act' by the party constitutes an appearance unless and until the proceedings on the motion to quash are finally decided adversely to that party"].)

*Trial Court's Alleged Failure to*
*Recognize Virginia Judgment*

For the guidance of the trial court on remand, we consider husband's argument that it failed to recognize the judgment entered in the Virginia divorce proceeding. Husband claims that "the Virginia Court issued a judgment that included spousal support, distribution of assets and child custody."

The trial court did not fail to recognize the Virginia court's judgment. That judgment awarded husband only a final decree of divorce and custody of the minor children. The Virginia court made no order concerning spousal support or distribution of assets. In the present case the trial court made no order

9

concerning child custody.  It therefore did not interfere with the implementation of the Virginia court's judgment.

*Disposition*

The judgment (ruling after trial of January 23, 2020) is reversed for lack of personal jurisdiction over husband.  Husband shall recover his costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.

TANGEMAN, J.

10

John R. Smiley, Judge

Superior Court County of Ventura

_____


Donald Aquinas Lancaster, Jr., for Appellant.

C. Bradford Law Firm and Caycie D. Bradford for Respondent.