Filed 8/19/21  Kopcrak v. Dettamanti CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LINDA KOPCRAK, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANGELINA DETTAMANTI, <br><br> Defendant and Appellant; <br><br> DAVID Y. FARMER, as Trustee, etc., <br><br> Real Party in Interest and Respondent. | 2d Civ. No. B306173 <br> (Super. Ct. No. 18PR00334) <br> (Santa Barbara County) |

Angelina Dettamanti, former trustee, appeals superior court orders issued against her involving the Carrari Family Trust (the trust).  The court denied three motions she filed and ruled in favor of David Y. Farmer, the trustee, and Linda Kopcrak, the petitioner.  We conclude, among other things, that: 1) Dettamanti raises issues that may not be considered because

they are outside the record or because they are based on factual claims without citation to the record; 2) the trial court had the authority to appoint Farmer as temporary trustee; 3) issues Dettamanti now raises about Farmer's authority and duties were decided against her in a prior appeal she filed in a related case involving the trust; 4) Dettamanti's claim of trial court bias is without merit; 5) the court properly denied Dettamanti's ex parte application for an order involving water at her residence; 6) the court did not abuse its discretion by denying Dettamanti's motions to disqualify counsel for Farmer and Kopcrak because of their receipt of Dettamanti's confidential financial information; 7) the court had personal jurisdiction over Dettamanti based on her general appearances in this action; 8) the court had in rem jurisdiction to issue temporary and emergency orders involving the trust; and 9) Kopcrak had standing to file a petition in this action. We affirm.

It is our hope this opinion will serve to discourage possible further appellate briefs that fail to comply with the court rules.

FACTS

This is not the first appeal Dettamanti filed in this trust litigation that now involves six related pending cases.

*The Prior Durant Harvesting Case*

*Durant Harvesting, Inc. v. Dettamanti* (B296096, Jan. 13, 2020) [nonpub. opn.] (hereafter *Durant Harvesting*) was a prior Dettamanti appeal involving an interpleader action concerning the trust, the duties and powers of Farmer as temporary trustee, and various probate orders issued against Dettamanti as the former trustee. Our decision in *Durant Harvesting* is significant to this appeal because issues Dettamanti litigated in that case

have a direct bearing on issues she is raising in the current appeal.

In *Durant Harvesting*, we said, "Dettamanti was designated as the trustee of the Trust in 2018. The trustee has the authority to oversee the operations and management of the Carrari ranch. Dettamanti claimed Joseph Carrari, the trustor, wanted her to be the trustee because he 'did not trust his family members.' Dettamanti was Carrari's personal assistant in 2016 and she became the manager of his ranch in 2017. After Carrari's death, his children filed actions to remove Dettamanti as trustee. Dettamanti continued to live on the ranch."

On December 3, 2018, Judge Staffel issued an order that permitted Dettamanti to remain on the ranch pending further order of court. (*Durant Harvesting*, *supra*, B296096.) On January 15, 2019, Judge Staffel suspended Dettamanti as trustee and appointed Farmer as temporary trustee of the trust. (*Ibid.*)

On January 29, 2019, Farmer filed an application to, among other things, release $110,000 of "interpled funds" to "remove unauthorized occupants" who were denying him access to the ranch and preventing him from performing his trustee's duties. Judge Staffel, relying on evidence presented by Farmer, rescinded his December 3rd order and ruled, "As of January 30, 2019, Angelina Dettamanti is no longer permitted to reside at or enter the Ranch Property."

Dettamanti filed an appeal challenging the eviction order and the other interim trust-related orders made by Judge Staffel. We reversed the eviction order. But we affirmed the remaining orders and findings issued by Judge Staffel. We rejected Dettamanti's claim that the trial court lacked jurisdiction because of inadequate service of process. We noted that

3

Dettamanti had made a general appearance on "February 8," which was "consent for the court to exercise jurisdiction." We ruled the trial court had subject matter jurisdiction to issue its trust-related orders. We noted that in addition to Dettamanti's general appearance, she also litigated legal issues, presented evidence, and she "consequently consented to the court's authority to make interim or temporary rulings on the Trust issues and she has not shown it lacked personal or subject matter jurisdiction to do so."

We also affirmed Judge Staffel's findings that "Dettamanti's actions interfered with Farmer's performance of his duties as temporary trustee."

### The Current Trust Case, Linda Kopcrak, Petitioner

Linda Kopcrak filed a petition to remove Joseph F. Carrari as trustee of the trust on July 12, 2018. She alleged Carrari was susceptible to the undue influence of Dettamanti. When Carrari was 82 years old, he became "familiar" with Dettamanti who was 32 years old. Dettamanti isolated him to the exclusion of his family, friends, long time doctors, advisors, and estate planning attorneys. Kopcrak said Dettamanti unduly influenced him contrary to his interests, and the terms of the trust, to obtain trust funds for Dettamanti's sole benefit. She claimed Dettamanti had a history of committing elder abuse and exploitation.

Carrari answered the petition. He died on November 25, 2018.

On November 27, 2018, Kopcrak filed an application seeking an order preventing Dettamanti from disposing of Carrari's remains and for an order that his children should have exclusive control over the funeral arrangements. She sought an

4

order to show cause why Dettamanti should remain living on the ranch and to prevent her from disposing of the trust assets.

On November 28, 2018, Judge Staffel granted a temporary restraining order prohibiting Dettamanti from disposing of Carrari's remains and freezing assets. He also ruled that the current occupants of the ranch are allowed "to remain pending further hearing."

James McKiernan, formerly the attorney for Joseph Carrari, filed an opposition to these orders and claimed Dettamanti was the sole successor trustee.

On November 29, 2018, McKiernan filed a petition for writ of mandate in this court to set aside the trial court's orders. The petitioners on that petition were the estate of Joseph Carrari and Dettamanti. That petition was summarily denied.

On November 30, 2018, McKiernan appeared and challenged trial court orders. The court ruled that the orders the court had issued at the prior hearing remained in full force until further order of the court.

On December 17, 2018, Dettamanti filed a notice of appeal from the orders of November 28 and 30. The appeals from these orders were dismissed after Dettamanti failed to pay filing fees.

On December 6, 2018, Kopcrak filed a petition to remove Dettamanti as trustee. On December 11, she filed a petition to appoint a temporary trustee. She set a hearing date for these requested temporary orders for January 15, 2019. Kopcrak served a notice of hearing by mail at Dettamanti's post office box address and her attorney served copies at Dettamanti's e-mail address.

On January 14, 2019, Kopcrak filed an affidavit of unsuccessful service "documenting nine separate attempts to

5

personally serve Dettamanti with Summons and Petition" at the ranch where Dettamanti resided. According to the affidavit, sheriff's deputies contacted Dettamanti on numerous occasions. She told them she would call them back, but she never did.

At the January 15, 2019, hearing, attorney Rodney Lee appeared for Dettamanti. Judge Staffel issued temporary orders appointing Farmer as temporary trustee [1]and removing Dettamanti as trustee.

*Dettamanti's Motions*

On December 4, 2019, Dettamanti filed a notice of motion and motion to vacate the orders the trial court issued on November 28 and 30, and January 15, 2019. She claimed those orders were void because the court lacked personal jurisdiction over her. The trial court denied this motion. It found, among other things, that Dettamanti had made numerous general appearances in this case.

Dettamanti filed motions to disqualify counsel for Farmer and counsel for Kopcrak. She claimed they were using confidential information they had obtained from a fee waiver petition that she had filed with the trial court. The trial court denied these motions. Dettamanti also filed an ex parte motion relating to the quality of water at her residence. The court denied this application noting that it was not legible.

DISCUSSION

*Objections to Dettamanti's Opening Brief*

Kopcrak objects to Dettamanti's opening brief. She claims it contains numerous factual claims without citation to the

---

[1] We grant Kopcrak's request for judicial notice filed April 21, 2021.

record, and those statements cannot be considered on appeal.  We agree.

" 'Statements of facts not supported by references to the record may be disregarded . . . .' " (*Citizens Opposing a Dangerous Environment v. County of Kern* (2014) 228 Cal.App.4th 360, 366, fn. 8.)

Dettamanti claims several of the trial court's findings and orders are not supported by the evidence.  But, for the most part, she does not set forth the evidence the opposition presented or the evidence the court relied on.

"In claiming that the evidence is insufficient to support the trial court's findings, an appellant must ' "demonstrate that there is no substantial evidence to support the challenged findings." ' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 414.)  " 'A recitation of only [appellant's] evidence is not the "demonstration" contemplated under the above rule.  [Citation.]  Accordingly, if, as [appellant] here contend[s], "some particular issue of fact is not sustained, [appellant is] required to set forth in [her] brief *all* the material evidence on the point and *not merely [her] own evidence.*  Unless this is done the error is deemed to be [forfeited]." ' " (*Id.* at pp. 414-415.)

*Attacks on Opposing Counsel in the Opening Brief*

Kopcrak objects to a number of gratuitous and insulting comments in the brief that Dettamanti made about respondents' counsel.  These include claims that counsel have filed fraudulent pleadings, concealed evidence, engaged in a "conspiracy," committed fraud on the court, etc.  There are no trial court findings that would support the basis for these claims.  (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 412 ["unwarranted personal attacks on the character or motives of opposing [counsel] are

7

inappropriate" and should not be considered as arguments on appeal].)

*Removing Dettamanti as Trustee and*
*Appointing Farmer as Temporary Trustee.*

Dettamanti claims that the orders by Judge Staffel that removed her as trustee were invalid and not supported by evidence, and that Farmer is not lawfully acting as the trustee. She makes these arguments under the heading "Removal of Appellant as Trustee Not Supported by Case Law, Probate Code, or Material Facts as required." (Boldface omitted.) But the argument under this heading was not accompanied by citation to facts in the record or citation to legal authority.

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.) "When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'" (*Ibid.*)

Dettamanti claims the trial court improperly appointed Farmer as temporary trustee, instead of her, and this was achieved without any evidentiary support. She contends Judge Staffel acted without authority, which allowed Farmer to commit "severe and perpetual violations of his fiduciary duties" as trustee.

In her brief Dettamanti cites to the portions of *Durant Harvesting* that favor her, but she omits discussing the portions of that decision that are not favorable to her claims. *Durant Harvesting* is a related case involving the trust. There we upheld several of Judge Staffel's findings and temporary orders he made

8

against Dettamanti based on evidence presented at an evidentiary hearing. Dettamanti testified at that hearing and challenged Farmer's authority to act as temporary trustee. We concluded that Judge Staffel, from the evidence in the record, properly found Dettamanti was interfering with Farmer's duties as temporary trustee.

We noted that Dettamanti's conduct included: 1) failing to cooperate with Farmer, 2) not providing him "with Trust records and documents *that the court had ordered* to be provided," 3) failing to assist Farmer in locating the trust bank accounts, 4) failing to assist him in identifying and collecting trust assets, and 5) Dettamanti "did not provide *any document* that she was required to produce" as the former trustee. (Italics added.) (*Durant Harvesting*, *supra*, B296096.) She had also taken actions to prevent Farmer from performing his duty to manage ranch operations. Judge Staffel reasonably determined that Farmer was properly conducting his duties as temporary trustee. We ruled Judge Staffel had the authority to issue orders to *prevent* Dettamanti from interfering with Farmer's duties. Dettamanti has not shown why Judge Staffel could not be reasonably concerned about her ability to act as a temporary trustee at that time given her recalcitrant actions to undermine Farmer's duties as trustee.

Moreover, in *Durant Harvesting*, Dettamanti also had the opportunity to present evidence to show why the prior temporary orders that suspended her as trustee and appointed Farmer as temporary trustee should be set aside. But the trial court, after listening to her testimony, decided not to set aside the trustee appointment orders. We affirmed. To the extent Dettamanti is attempting to relitigate these issues in her current appeal, that

9

attempt fails.  (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1506; *City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 490.)

*Trial Court Bias Against Dettamanti*

Dettamanti argues "the trial courts acted improper and failed to be impartial."  She claims that "[t]he Trial Court blatantly demonstrates *overt bias* for Counsel Staton and his client Petitioner, prejudicing Appellant *on every single opportunity*."  (Italics added.)  She then claims that the judges who have decided against her "have violated . . . the California Judicial Canon of Ethics."  She requests the vacation of "all actions by the Trial Court for blatant failure to act impartial."  In this argument Dettamanti makes a series of allegations without citing to the record and conclusory allegations of alleged judicial bias.  These unsupported conclusory assertions will not support a claim of error on appeal.  (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

Kopcrak objects to these "attacks on the integrity of the trial court" as being "improper and meritless."  We agree.  The claim that a trial judge is biased because he or she repeatedly ruled against a party "is without merit because 'a trial court's numerous rulings against a party – even when erroneous – do not establish a charge of judicial bias . . . .' "  (*People v. Fuiava* (2012) 53 Cal.4th 622, 732.)  Dettamanti may contest the findings and orders she disagrees with.  But unwarranted accusations of judicial misconduct, without support in the record, should not be included in an appellate brief.  (*Martinez v. O'Hara* (2019) 32 Cal.App.5th 853, 858.)

10

*Denying an Ex Parte Application (January 24, 2020)*

Dettamanti appealed the trial court's order of January 24, 2020, that denied an ex parte application she made.

Kopcrak contends this is not an appealable order. She notes it was a tentative ruling made in a minute order which did not reach the merits of Dettamanti's ex parte application. She correctly notes this order is not one of the orders listed as appealable orders for probate cases in Probate Code section 1300. But even treating this appeal as a writ, the result will not change.

Dettamanti contends the trial court erred by denying her ex parte application "for constructive eviction concerning a lack of potable water at her home." She claims the trial court denied this motion because it "believes [Dettamanti's] lack of access to potable water at her home was *not a matter that was worthy of ex parte relief.*" (Italics added.) But her claim about the trial court's alleged uncaring motive is not supported by a reference to facts in the record.

The record reflects that this ex parte motion was not denied on the merits. Instead, the trial court ruled that the paperwork Dettamanti submitted was "illegible." Moreover, the court did not simply deny the motion. It ordered that Dettamanti "shall re submit all her paperwork." There is no showing that Dettamanti resubmitted the motion in proper form. Kopcrak argues that any failure to obtain a ruling on the merits of her ex parte application was due to Dettamanti's failure to file a legible motion. Dettamanti claims she "provided the Trial Court with a legible copy the same day." But she has not cited to the record to support this claim. Our review of the record shows an

11

application followed by a declaration that is, in fact, illegible. Dettamanti has not shown an abuse of discretion.

*Motions to Disqualify Counsel*

Dettamanti appealed the trial court's orders denying her motions to disqualify the attorneys representing Farmer and Kopcrak. She claims the court was required to disqualify opposing counsel because of their receipt of and "misuse of privileged information" about her.

"A trial court's decision on a disqualification motion is ordinarily reviewed for abuse of discretion." (*Antelope Valley Groundwater Cases* (2018) 30 Cal.App.5th 602, 615.) "When considering a disqualification motion, courts have considered such factors as the clients' right to counsel of their choice, the attorney's interest in representing a client, the financial burden on the client if required to replace disqualified counsel, and the potential that tactical abuse underlays the disqualification proceeding." (*Id.* at p. 616.) "The deference we accord to the court's factual findings extends not only to its express findings but also to any implicit findings for which there is substantial evidentiary support." (*Id.* at p. 615.)

*Motion to Disqualify Farmer's Counsel*

With reference to the motion to disqualify Farmer's counsel, the trial court made the following factual findings: 1) Dettamanti's attorney by mistake served a request to waive court fees on Farmer's counsel and on the attorneys who represented Kopcrak; 2) Farmer's counsel believed the information in the fee waiver request was contradicted by Dettamanti's receipt of a $200,000 check; 3) Farmer's attorney claimed he did not notice the word "confidential" on the document, and because it was served on his office, he did not believe it was confidential; 4)

12

Farmer's attorney offered it as an exhibit at an evidentiary hearing to impeach Dettamanti's credibility, but the trial court ordered it withdrawn before it could be marked as an exhibit by the clerk. Dettamanti has not made a sufficient showing from the record to challenge these findings.

The trial court concluded that the contents of the fee waiver document "have no relevance to any of the related cases, or to Dettamanti's case strategies." "[T]here does not appear to be any existing prejudice from [counsel's] knowledge of the fee waiver and its contents, nor does it appear that there is any possibility of damage to Dettamanti in the future, based upon that knowledge." The court also found that Farmer's counsel's improper use of the document "was not done with consciousness of its impropriety []given his lack of familiarity with the fee waiver process." The court denied the motion to disqualify Farmer's counsel finding that the mistake did not warrant disqualification.

The trial court properly considered the impact of the use of the document on Dettamanti's cases and the nature of the violation. It was in the best position to determine the credibility of the parties before it. It found there were two mistakes, one by Dettamanti's counsel in serving the document, and one by Farmer's counsel in using it. In fact, had Dettamanti's counsel not served this document on opposing counsel, there would not have been a problem. The court determined that Farmer's counsel did not intentionally violate the confidentially requirements. The court was entitled to consider the impact a disqualification would have on Farmer, its financial burden, and whether the motion was filed as a tactical tool. (*Antelope Valley Groundwater Cases, supra,* 30 Cal.App.5th at p. 616.)

13

Given the trial court's findings, and balancing the relevant factors that are involved in a disqualification motion (*Antelope Valley Groundwater Cases*, *supra*, 30 Cal.App.5th at p. 616), we conclude Dettamanti has not shown that the trial court abused its discretion.

*Motion to Disqualify Kopcrak's Counsel*

In the trial court Dettamanti claimed that her counsel's mistaken service of the fee waiver form on Kopcrak's counsel meant that Kopcrak's lawyers had possession of the document, could *possibly* "misuse" it, and consequently they should be disqualified. But the trial court found that "Dettamanti acknowledges that [Kopcrak's counsel] *took no action regarding the fee waiver* . . . ." (Italics added.) The court also rejected Dettamanti's claims that Kopcrak's counsel had ever *attempted* "to use the document in any way." The court could reasonably find that her motion to disqualify was not based on evidence, but only on speculation about potential future use of the document. Kopcrak's counsel received the information because Dettamanti's counsel sent it to them. They did not solicit it or obtain it in violation of any fiduciary or attorney-client relationship. (*Dino v. Pelayo* (2006) 145 Cal.App.4th 347, 353.) Moreover, the trial court properly took the precaution to order counsel for Farmer and Kopcrak "to permanently delete all electronic copies of the Request to Waive Court Fees which was inadvertently served upon them, and to destroy and/or return to Dettamanti all hard copies of the document."

The second ground for disqualification was that Kopcrak's counsel had *allegedly* made defamatory statements about Dettamanti. Dettamanti claimed counsel had said she "was the greatest threat to trust property and operations" and was

14

manipulative and evil.  But the trial court found that an alleged "audio recording of an unspecified hearing in an unspecified case on August 9, 2019," where some of the statements were allegedly made, was not found in the court's records.  The court also found that, even if these statements were made, they were "protected by the absolute judicial privilege set forth in Civil Code section 47."  (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 214 [the litigation privilege allows lawyers to "zealously protect their clients' interests"].)

Dettamanti's theory about her right to disqualify Kopcrak's counsel on this ground is incorrect and a double-edged sword.  If the law allowed Dettamanti to disqualify Kopcrak's counsel because of statements Dettamanti found to be offensive or defamatory, then Kopcrak would have the right to disqualify Dettamanti's counsel on the same ground.  This would result in chaos in highly contested litigation, it would lead to represented parties being forced to proceed without representation, and undermine the lawyers' ability to zealously represent their clients' interests.  (*Silberg v. Anderson*, *supra*, 50 Cal.3d at p. 214.)  Dettamanti has not shown error.

*Dettamanti's Motion to Vacate Prior Orders*

Dettamanti contends the trial court erred by not granting her motion to vacate three prior orders the trial court made.

Kopcrak claims the order denying this motion is not an appealable order under Probate Code section 1300.  But even treating Dettamanti's appeal as a writ petition, the result will not change.

Dettamanti filed a motion to vacate the prior orders issued by Judge Staffel on November 28, 2018, November 30, 2018, and

15

January 15, 2019, "on the basis that the Court lacked fundamental jurisdiction over her to make any of the orders."

In rejecting Dettamanti's motion, the trial court initially found, "The evidence before the Court shows that the petition to remove Dettamanti as trustee, as well as the petition to appoint a temporary trustee, were both served upon Dettamanti at her Los Alamos address." Dettamanti claims these findings are contradicted by evidence she presented which shows she did not receive valid notice. But she has not cited to all the evidence the trial court considered. (*In re S.C.*, *supra*, 138 Cal.App.4th at pp. 414-415.) Nor has she considered that the trial court alone decides the credibility of the witnesses. Moreover, in *Durant Harvesting*, we rejected a number of similar claims by Dettamanti about lack of notice and lack of jurisdiction of the superior court. To the extent she is attempting to relitigate those issues here, that attempt fails. (*City of Santa Paula v. Narula*, *supra*, 114 Cal.App.4th at p. 490.) But even had she made a proper showing of deficient notice for some of the temporary orders, the result would not change.

*Findings of Jurisdiction Based on General Appearances*

The trial court denied the motion finding Dettamanti "made numerous general appearances in this action, including as early as November 29, 2018." The court found "no basis to vacate any of the specified orders."

"A general appearance occurs where a party, either directly or through counsel, participates in an action in some manner which recognizes the authority of the court to proceed." (*Mansour v. Superior Court* (1995) 38 Cal.App.4th 1750, 1756.) "[A] party who seeks relief on any basis other than a motion to quash for lack of personal jurisdiction will be deemed to have made a

16

general appearance . . . ." (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.) A general appearance is not determined by how the party who made the appearance describes it, or intended it, but rather by "the character of the relief sought." (*Slaybaugh v. Superior Court* (1977) 70 Cal.App.3d 216, 221.)

A general appearance "operates as consent to the court's exercise of jurisdiction in the proceeding." (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 7.) "By generally appearing, a defendant *relinquishes all objections* based on lack of personal jurisdiction or defective process or service of process." (*Id.* at p. 8, italics added.) Such an appearance is " 'equivalent to personal service within this state of the summons and a copy of the petition upon [the defendant].' " (*Ibid.*)

Dettamanti has not provided: 1) a sufficient summary of facts on this issue, 2) relevant citations to the record, 3) a summary of her opponents' evidence, or 4) citation to all the relevant evidence supporting the court's findings. Consequently, Dettamanti's claim about the lack of evidence to support the trial court's findings about jurisdiction and her general appearances in this case is, in large part, forfeited. (*In re S.C.*, *supra*, 138 Cal.App.4th at pp. 414-415.)

Moreover, from our review of the record, we conclude the trial court's order is correct.

Dettamanti's motion relied on her declaration where she claimed there was no jurisdiction because she was not a party to these proceedings and that at one of these hearings she was not represented by counsel. But Judge Sterne's findings implicitly determined that her declaration was not credible. The trial court exclusively decides credibility of the parties. (*Fairbairn v. Fairbairn* (1961) 194 Cal.App.2d 501, 510.) To the extent that

17

her motion substantially relied on this declaration, Dettamanti has not shown why the order denying her motion should not be affirmed on the ground of the lack of credibility for her factual assertions in support of her motion. (*Ibid.*)

Dettamanti claimed that no attorney represented her at the November 28, 2018, hearing. But that is refuted by Judge Staffel's order of December 3, 2018, where he found attorney "James McKiernan *appeared on behalf of* the purported successor Trustee of the Trust, *Angelina Dettamanti.*" (Italics added.)

To the extent Dettamanti claims McKiernan's appearances on November 28 and 30, 2018, were solely special appearances to challenge jurisdiction, that claim is not supported. In his December 3, 2018, order, Judge Staffel found McKiernan appeared and *presented* "documents allegedly executed by Joe Carrari." They were presented to challenge the orders sought by the petitioner. At the November 30th hearing, McKiernan again appeared and challenged those orders. He asked the court, "Why are we having an autopsy?" He claimed that "the Court cannot order an autopsy for discovery." These claims went to the merits. He said he was presenting the documents to show that Dettamanti "is in charge" and only she had the lawful "authority" in this matter. These were general appearances. (*Dial 800 v. Fesbinder*, *supra*, 118 Cal.App.4th at p. 52.)

Judge Sterne found that after Judge Staffel issued the probate orders, Dettamanti made general appearances by filing a petition for writ of mandate in this court on November 29 to challenge those orders and by filing an appeal challenging those orders on the merits. Judge Sterne found Dettamanti "did not restrict the appeal to the issues of jurisdiction." The court said her writ petition specifically challenged the merits of the probate

orders. (*Dial 800 v. Fesbinder*, *supra*, 118 Cal.App.4th at pp. 52-53 [seeking affirmative relief on the merits constitutes a general appearance].) Dettamanti cannot challenge the court's findings because of her failure to cite to a relevant factual and procedural record. (*In re S.C.*, *supra*, 138 Cal.App.4th at pp. 414-415.)

Our review of the record shows that in *Kopcrak v. Dettamanti*, case No. B294447, Dettamanti appealed the orders of November 28 and 30, 2018, on December 17, 2018. Her appeal was dismissed for failing to pay clerk's and filing fees, and the remittitur issued on March 13, 2019. This supports the trial court's findings that rejected Dettamanti's claims that she was not a party to these proceedings. Moreover, as the court correctly found, Dettamanti's notice of appeal did not limit the issue to a jurisdictional challenge. She said she was appealing the court's "granting a mandatory injunction." That shows "the character of the relief sought," overturning the order. (*Slaybaugh v. Superior Court*, *supra*, 70 Cal.App.3d at p. 221.) Dettamanti has failed to show why the trial court could not reasonably find that her appeal of these orders was a general appearance. (*Ibid.*; *In re Jennifer O.* (2010) 184 Cal.App.4th 539, 548 [filing a notice of appeal is a general appearance "confirming [the party's] submission to the jurisdiction of the court"].)

Dettamanti claims her writ petition was denied. But that does not preclude it from being designated as a general appearance. There is no particular form or act that is required for a general appearance. (*Mansour v. Superior Court*, *supra*, 38 Cal.App.4th at p. 1756.) That writ petition was verified by Dettamanti as both "Successor Trustee" and in her "*own right.*" (Italics added.) She stated under oath that she was "*the Petitioner in this proceeding.*" The petition, among other things,

19

sought relief for Dettamanti to vacate the trial court orders. It requested specific relief to allow Dettamanti "to operate unfettered as the duly appointed successor trustee" and to be allowed "to carry out Carrari's intentions concerning an autopsy, funeral and burial" under a power of attorney. The petition for writ challenged the *merits* of the trial court's orders. One of the claims was that "[t]he hearing resulted in freezing of all trust property and finances, and was not adequately tied to any allegation of irreparable or immediate harm whatsoever." The trial court could reasonably infer this petition sought relief beyond a motion to quash for lack of service. (*Dial 800 v. Fesbinder*, *supra*, 118 Cal.App.4th at pp. 52-53.) The "character of the relief sought" shows it was a general appearance. (*Slaybaugh v. Superior Court*, *supra*, 70 Cal.App.3d at p. 221.)

Moreover, in the trial court Kopcrak also claimed Dettamanti appeared by counsel at the January 15th hearing in this case. She cited to the record to show Dettamanti's counsel made a general appearance by arguing on the merits. Dettamanti's lawyer said, "Dettamanti should not be removed and a temporary trustee should not be appointed to serve in Ms. Dettamanti's place." Dettamanti's counsel went even further to argue that the petitioners had "no standing" because an "amendment" to the trust "disinherits them completely." These were arguments on the merits. (*Dial 800 v. Fesbinder*, *supra*, 118 Cal.App.4th at pp. 52-53; *Mansour v. Superior Court*, *supra*, 38 Cal.App.4th at p. 1756 [appearance by counsel that recognizes the court's authority to proceed is a general appearance].)

Dettamanti notes the trial court at that hearing said her counsel had not yet filed "papers" with the court for a formal appearance. She claims that means there was no general

20

appearance.  But a general appearance "does not require *any formal or technical act*."  (*Mansour v. Superior Court*, *supra*, 38 Cal.App.4th at p. 1756, italics added.)

Moreover, Dettamanti has failed to cite to the rest of the record regarding that hearing.  After the court mentioned the need to file papers with the court, Dettamanti's counsel responded, "I can certainly do that."  The court then asked Dettamanti's counsel if he wanted to accept service of copies of the court's orders on behalf of Dettamanti.  He responded, "I would."  That refutes the claim that he was only there to make a special appearance to contest jurisdiction.  He said, "I have been retained by Ms. Dettamanti."  Her counsel next requested that the court require certain wills to be filed with the court.  The trial court agreed.  The court continued the hearing and made sure the date was agreeable to Dettamanti's counsel.  (*In re Vanessa Q.* (2010) 187 Cal.App.4th 128, 135 [where a party's counsel has obtained a continuance of the hearing, that constitutes a general appearance].)

Moreover, Dettamanti's suggestion that Judge Staffel did not consider Dettamanti's counsel to be representing her is not correct.  In *Durant Harvesting*, we noted that Judge Staffel in reference to this proceeding ruled that her counsel was authorized to accept service for her.  (*Durant Harvesting*, *supra*, B296096.)  The trial court could reasonably find counsel's agreement to accept service was a general appearance because it showed "an intent to submit to the court's jurisdiction."  (*General Ins. Co. v. Superior Court* (1975) 15 Cal.3d 449, 453.)  The trial court's finding that there were multiple general appearances is supported by the record.

21

*Findings of In Rem Jurisdiction*

Kopcrak claimed an alternative ground supporting the validity of the trial court's orders on November 28 and 30 is based on the probate court's in rem jurisdiction over the trust estate. She claims the trial court properly denied Dettamanti's challenges to the court's authority to issue these two orders on this ground. (*Estate of Golden* (1937) 9 Cal.2d 647, 648 [certain orders of the probate court may be issued as a result of the probate court's in rem jurisdiction].) We agree.

The trial court's orders on November 28 and 30 involved immediate temporary orders for the trust estate, including ordering an autopsy, "planning of services for Mr. Carrari," and granting a temporary restraining order "with respect to" his "remains."

Courts have broad powers in cases involving trusts to take immediate action to protect the trust estate and may, in some instances, do so on their own motion. (*Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427.) Courts may issue temporary restraining orders or emergency relief orders. (*Chrysler Credit Corp. v. Waegele* (1972) 29 Cal.App.3d 681, 687.) Such orders may issue if the party seeking them has made "a reasonable effort in good faith to give notice, in either formal or informal fashion, to either the defendant or his counsel." (*United Farm Workers v. Superior Court* (1975) 14 Cal.3d 902, 913.) Here, the trial court found that took place. It said Dettamanti had been provided notice at the address she provided to the court for service. It rejected Dettamanti's factual assertions to the contrary. It ruled that there was "fundamental jurisdiction to act" in these two proceedings and that her claims that the orders were void was not correct. (*People v. Gerold* (2009) 174

22

Cal.App.4th 781, 787.)  The court said she could allege the orders were voidable, but she had not proven grounds to set them aside. Moreover, as previously noted, in *Durant Harvesting*, Dettamanti was given a subsequent opportunity to present evidence to set aside the order appointing Farmer as temporary trustee.  But she did not meet her evidentiary burden.  Dettamanti has not shown trial court error.

*Petitioner's Standing*

Dettamanti contends Kopcrak lacks standing to prosecute her petition because it violates "no contest" clauses in decedent Carrari's various trust amendments.  She claims consequently Kopcrak "is [c]ompletely [d]isinherited."  (Boldface omitted.)

But these contentions are without merit and they were rejected by our Supreme Court in *Barefoot v. Jennings* (2020) 8 Cal.5th 822.  There the court said, "[W]hen a plaintiff claims to be a rightful beneficiary of a trust if challenged amendments are deemed invalid, she has standing to petition the probate court under section 17200." (*Id*. at p. 828.)  That is what Kopcrak is doing here.  She is challenging the validity of the documents Dettamanti relies on for her authority to act.  The trial court properly ruled that Dettamanti's standing objection was without merit.

Dettamanti is also requesting that we make a series of factual findings, including that:  1) Kopcrak's petition includes false claims, 2) Kopcrak filed it knowing she lacked probable cause, 3) the settlor had sufficient mental capacity or was not subject to under influence, etc.  But these are factual issues that are not tried in the appellate courts; they must initially be tried

in the trial court.  (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 912.)[2]

### *Other Issues*

Dettamanti has requested an "immediate stay" of the trial court proceedings.

Kopcrak objects and claims that "the request for a stay is procedurally improper.  A stay is requested by motion in the trial court," or a proper appellate writ, but not "by a request in an opening brief."  The objection has merit and Dettamanti has not set forth grounds for such relief.  We deny Dettamanti's motion to stay.

We have reviewed Dettamanti's remaining contentions and we conclude she has not shown grounds for reversal.

### DISPOSITION

The orders are affirmed.  Costs on appeal are awarded in favor of respondents Kopcrak and Farmer.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          TANGEMAN, J.

---

[2] We deny Dettamanti's request for judicial notice filed March 9, 2021, of documents to prove on appeal that Kopcrak lacked probable cause and that Joseph Carrari had sufficient mental capacity.  (*Morgan v. Imperial Irrigation District*, *supra*, 223 Cal.App.4th at p. 912.)

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____


Christian Bosuel; Angelina Dettamanti, in pro. per., for Defendant and Appellant.

Mullen & Henzell, Mack S. Staton; Will Tomlinson for Plaintiff and Respondent Linda Kopcrak.

Andre, Morris & Buttery, James C. Buttery for Real Party in Interest and Respondent David Y. Farmer.