[Civ. No. 10415.· First Appellate District, Division Two.—December 13, 1937.]

LOIS L. CHILCOTE, Appellant, v. PACIFIC AIR TRANSPORT (a Corporation) et al., Respondents.

Laurence R. Chilcote for Appellant.

Donahue, Hynes & Hamlin for Respondents.

STURTEVANT, J.—From an order made dismissing the above-entitled action the plaintiff has appealed. The transcript discloses the defendant corporations are foreign corporations; that C. E. Johnson is their resident agent designated by them as the person on whom process may be served; that the said action was commenced July 11, 1933; that it was brought to recover damages for injuries sustained by the plaintiff in an aircraft accident which happened on July 11, 1932; that an amended complaint was filed July 8, 1936; that the summons was issued on July 11, 1933; that the complaint and the summons were delivered to the sheriff of Alameda County on July 3, 1936, and were served on July 7, 1936; that on August 15, 1936, the summons had not been returned; that on August 18, 1936, the defendants served

on the plaintiff a notice that they would move to dismiss said action on the grounds: (1) that the summons had not been returned within three years after the commencement of the action and (2) plaintiff's lack of prosecution of said action and her failure to serve process for two years, eleven months, twenty-six days after the action was commenced; that on the hearing of said motion the affidavits of C. E. Johnson and Adrien Hynes were offered in evidence in support of said motion and the affidavits of Laurence R. Chilcote and H. A. Ilmanen were offered in opposition to said motion; that certain written instruments were incorporated in the affidavit of Laurence R. Chilcote and, on the hearing, they were offered in evidence; and that thereafter, on September 1, 1936, the trial court made an order granting said motion. From that order the plaintiff has appealed.

We will first discuss the first ground of the defendants' motion. Section 581a of the Code of Civil Procedure contains the following provisions: ''No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; . . . '' It is not claimed the summons was returned within three years after the date of the commencement of the action. Unless the defendant appeared before the motion was made the trial court had no jurisdiction to proceed. (*Pearson* v. *Superior Court,* 122 Cal. App. 571, 574 [10 Pac. (2d) 489].) The question then arises, did the defendant appear? Section 1014 of the Code of Civil Procedure provides: ''A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him.'' The record before us does not show that the defendants answered, demurred, or

filed a written appearance. Said section is not exclusive but, if other facts are relied on as showing an appearance, such facts must amount to a request for affirmative relief. (*Altpeter* v. *Postal Telegraph Cable Co.*, 26 Cal. App. 705, 713 [148 Pac. 241].) No showing is made that the defendants made such a request. They asked the plaintiff for and obtained a stipulation extending their time to plead. That fact did not constitute a general appearance. (*Powers* v. *Braley*, 75 Cal. 237 [17 Pac. 197].) They also obtained from the court an order to the same effect but such fact did not constitute a general appearance. (*Davenport* v. *Superior Court*, 183 Cal. 506, 509 [191 Pac. 911].) ▪ The acts claimed to constitute a general appearance must amount to a showing of a "purpose of obtaining any ruling or order of the court going to the merits of the case". (*Davenport* v. *Superior Court, supra.*) Here, there was no such showing. Moreover, none of said acts occurred within the period of three years prescribed by section 581a of the Code of Civil Procedure.

▪ The plaintiff claims her affidavit contained averments which entitled her to relief under the provisions of section 473 of the Code of Civil Procedure. We think the averments did not do so. It has been so held on a set of facts as strong or stronger than in the instant case. (*Cruse* v. *Superior Court*, 102 Cal. App. 290, 297 [283 Pac. 73].)

▪ In defense of the second ground stated in the motion made by the defendants, the plaintiff's attorney set forth in his affidavit that for the purpose of serving process on the defendants "once in the fall of 1933 and once about Thanksgiving in 1933" (twice on the same day?) he called at the office of, but failed to see, the agent of the defendants. He further stated: "Affiant on numerous occasions at least a dozen times, since then has called, by telephone, the office of defendants and asked for Mr. Johnson, and on each occasion was told that Mr. Johnson was out of town." In her brief the plaintiff states she wanted to avoid litigation and desired to arrange a settlement of her claim without litigation. In support of the order made on the second ground stated in their motion, the defendants call attention to the fact that since the date of the accident their agent has been in his office twenty-five days in each month; that the plaintiff, her attorney, and Mr. Johnson all reside in Oakland and that

both plaintiff's attorney and Mr. Johnson have offices in Oakland; that the particular airplane in which the accident occurred has been sold and is now in South America; and that Dr. Mason, one of the witnesses of the defendants, has since died. They might have added that the plaintiff delivered her papers to the sheriff on Friday, July 3, 1936, and asked him to make an early service. The papers were served on July 7, 1936. Two holidays intervened, the fourth of July and a Sunday, but the sheriff made the service within two working days after the papers were delivered to him. A consideration of the foregoing facts shows that the plaintiff did not prosecute her action with due diligence. The trial court did not err in so holding. (*Kreiss* v. *Hotaling*, 99 Cal. 383, 385 [33 Pac. 1125].)

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.