[Civ. No. 40270. First Dist., Div. One. May 31, 1977.]

JAMES R. SLAYBAUGH, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
STEPHANIE FRANCES MATTERN et al., Real Parties in Interest.

## Counsel

Ropers, Majeski, Kohn, Bentley & Wagner and John S. Simonson for Petitioner.

No appearance for Respondent.

Clark & Glennon and Mark H. Pierce for Real Parties in Interest.

## Opinion

**SIMS, Acting P. J.**—Petitioner seeks a writ directing respondent court to dismiss an action filed January 4, 1973, by real parties in interest, because they failed to serve summons on petitioner within three years, as required by subdivision (a) of section 581a of the Code of Civil Procedure.[1] We conclude that the trial court erred in denying petitioner's motion to dismiss. The peremptory writ must issue.

Real parties in interest, the plaintiffs below, and hereinafter referred to as such, state that the sole question presented is whether petitioner, by voluntarily submitting a declaration in support of a codefendant's motion for change of venue, made a general appearance. Nevertheless, they also seek to justify the trial court's order denying petitioner's motion on the ground that the court had discretion to do so.

On January 4, 1973, plaintiffs filed a complaint in the Santa Cruz County Superior Court naming, among others, the petitioner as a defendant. It was alleged in the complaint that petitioner, an attorney, had represented plaintiffs who were then minors, in a wrongful death action, that he had secured a settlement of the action which he represented to real parties to be fair; that a judge had subsequently set aside the settlement because he determined that it had been obtained through fraud, although the judge did not identify the specific parties

---

[1]Section 581a provides in part: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

who perpetrated the fraud. The complaint joined all persons who had executed the settlement, including petitioner.

On August 20, 1974, codefendants American Bus Lines and Continental Trailways moved for a change of venue to Santa Clara or Nevada counties. The motion was made upon the ground that none of the defendants resided in Santa Cruz County.

In support of the motion for change of venue, petitioner submitted an affidavit which recited, as relevant:

"I, JAMES R. SLAYBAUGH, declare as follows:

"1. I am a defendant in this action, but have not yet been served. I make this Declaration at the request of defendants, AMERICAN BUS LINES, INC., and CONTINENTAL TRAILWAYS, INC., and do not intend by this Declaration to appear in this action.

"2. I am an attorney at law, duly licensed to practice in the State of California.

"3. I have personally known defendant, JEANETTE MATTERN for several years. At the time this action was filed, she was either a resident of Santa Clara County or a non-resident of the State of California.

"4. I have resided in the County of Fresno, State of California, at the time this action was filed and continuously since then."

The Santa Cruz County Superior Court granted the motion for change of venue and transferred the case to Santa Clara County.

On June 22, 1976, some three and one-half years after the action was filed, real parties first attempted to serve summons on Slaybaugh.

On July 15, 1976, Slaybaugh moved to quash service of summons and requested his dismissal from the action. The motion was denied August 12, 1976.

On August 20, 1976, petitioner requested the court to reconsider its ruling on the motion to dismiss. The court did reconsider the motion but again denied it on September 27, 1976.

The instant petition was thereafter filed with this court. We elected to treat the petition for writ of prohibition as a petition for writ of mandate (see 5 Witkin, Cal. Procedure, Extraordinary Writs, §§ 183, 184, pp. 3942-3944) and issued an alternative writ of mandate. The matter was submitted on the petition and the opposition filed by real parties in interest.

I

As the statute itself provides (see fn. 1), "a general appearance in the action" obviates the necessity of serving and returning the summons. (See *RCA Corp.* v. *Superior Court* (1975) 47 Cal.App.3d 1007, 1009-1010 [121 Cal.Rptr. 441]; and *O'Keefe* v. *Miller* (1965) 231 Cal.App.2d 920, 927 [42 Cal.Rptr. 343].)

"It is equally well settled that where summons has not been served and returned and where the defendant has made no general appearance within the three-year period, the dismissal provisions of Code of Civil Procedure section 581a are mandatory and jurisdictional." (*Semole* v. *Sansoucie* (1972) 28 Cal.App.3d 714, 722 [104 Cal.Rptr. 897]; *Bernstein* v. *Superior Court* (1969) 2 Cal.App.3d 700, 702-703 [82 Cal.Rptr. 775]; *Frohman* v. *Bonelli* (1949) 91 Cal.App.2d 285, 287 [204 P.2d 890]; and *Chilcote* v. *Pacific Air Transport* (1937) 24 Cal.App.2d 32, 34 [74 P.2d 300].)

Section 1014 of the Code of Civil Procedure purports to define what constitutes an appearance as follows: "A defendant appears in an action when he answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. . . ." Although a defendant who files a notice of motion for change of venue (Code Civ. Proc., § 396b) is expressly within the terms of the statute, the record clearly reflects that petitioner himself sought no relief, but merely testified as a fact witness as to his knowledge of the residence of the defendant Mattern, the stepmother of the plaintiffs, and his own residence. He filed no affidavit of merits or notice of motion, as required by section 396b.

" 'Whether an appearance is general or special is determined by the character of the relief sought and not by the intention of the party that it shall or shall not operate as a general or special appearance. The

statement of a defendant or party that he is making a special appearance is not necessarily conclusive. . . .' " (*Judson* v. *Superior Court* (1942) 21 Cal.2d 11, 13 [129 P.2d 361] [overruled on other grounds *Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 484-485 (47 Cal.Rptr. 201, 407 P.2d 1)]. See also *Milstein* v. *Ogden* (1948) 84 Cal.App.2d 229, 232 [190 P.2d 312].) Therefore, the petitioner's statement that he did not intend by his declaration to appear in the action is not determinative of whether he in fact did so. Nevertheless, it does tend to reinforce the conclusion that he himself was not moving for a change of venue or asking for any relief from the court. When coupled with the statement that the declarant had not been served, it does constitute notice to the plaintiffs that the declarant had not yet been made a party to the action.

▮▮ It is established that a defendant may appear in ways other than those specifically designed in section 1014. ". . .'The test is--Did the party appear and object only to the consideration of the case or any procedure in it because the court had not acquired jurisdiction of the person of the defendant or party? If so, then the appearance is special. If, however, he appears and asks for any relief which could be given only to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special. [Citation.]' " (*Judson* v. *Superior Court, supra,* 21 Cal.2d at p. 13. See *Greene* v. *Committee of Bar Examiners* (1971) 4 Cal.3d 189, 200 [93 Cal.Rptr. 24, 480 P.2d 976]; *Davenport* v. *Superior Court* (1920) 183 Cal. 506, 511 [191 P. 911]; *RCA Corp.* v. *Superior Court, supra,* 47 Cal.App.3d 1007, 1010; *Chitwood* v. *County of Los Angeles* (1971) 14 Cal.App.3d 522, 527 [92 Cal.Rptr. 441]; *Wilson* v. *Barry* (1951) 102 Cal.App.2d 778, 781 [228 P.2d 331]; and *Chaplin* v. *Superior Court* (1927) 81 Cal.App. 367, 375 [253 P. 954].)

A party appears when he files a deposition and asks for relief even though he was never personally served (*Greene* v. *Committee of Bar Examiners, supra,* 4 Cal.3d 189, 200); when after service of summons and within the three-year period he secures a written stipulation extending the time "within which to appear" (*RCA Corp.* v. *Superior Court, supra,* 47 Cal.App.3d 1007, 1009; and *O'Keefe* v. *Miller, supra,* 231 Cal.App.2d 920, 922-926); when it files in its own name interrogatories which would only be appropriate if it was appearing as a fictitious defendant (*Chitwood* v. *County of Los Angeles, supra,* 14 Cal.App.3d 522, 527-528 [cf. *Semole* v. *Sansoucie, supra,* 28 Cal.App.3d 714, 722-724]); when he. manifests his attorney's authority to appear for him by executing an

affidavit in support of a motion for summary judgment made on behalf of himself and other defendants for whom the attorney allegedly was unauthorized to act. (*Wilson* v. *Barry, supra,* 102 Cal.App.2d 778, 781.)

■ There is no appearance by a defendant-employee, who has not been served with summons, because he answers interrogatories addressed to him as an employee of the employer who has been served with summons and made a general appearance. (*Semole* v. *Sansoucie, supra,* 28 Cal.App.3d 714, 722-724.) "An appearance made only for the purpose of moving to dismiss an action on any one of the grounds specified in section 581a is made only on the hypothesis that the party is not properly before the court. It is a special appearance. [Citation.] To hold otherwise would emasculate the statute." (*Frohman* v. *Bonelli* (1949) 91 Cal.App.2d 285, 291 [204 P.2d 890].) Mere knowledge of the action cannot suffice. (See *Chaplin* v. *Superior Court, supra,* 81 Cal.App. 367, 375-376.)

Plaintiffs rely principally on *Wilson* v. *Barry, supra.* In that case, in which the authority of an attorney to appear for certain defendants was questioned, the court concluded with respect to one defendant as follows: "[The attorney's] lack of authority to appear on behalf of the other respondents is not decisive of the question of whether or not his appearance on behalf of Barry could be withdrawn. Barry, personally, as one of the defendants named in the complaint, executed the affidavit in support of the motion for summary judgment. The filing of a motion which is predicated upon the court having personal jurisdiction constitutes a general appearance. (*Judson* v. *Superior Court,* 21 Cal.2d 11 . . .) *Likewise the filing of an affidavit, other than for the purpose of presenting matters bearing on the court's jurisdiction, constitutes a general appearance.* (See 6 C.J.S., p. 23.)" (102 Cal.App.2d at p. 781, italics added.) The emphasized portion must be read in its context. It is not every affidavit or appearance as a witness which will render one an appearing party to an action. The authority upon which the court in 1951 relied, 6 Corpus Juris Secundum (1937) at page 23, contains nothing to support the view that other than a request for relief by the party himself will constitute a general appearance. The text on page 23 follows the heading, "With but certain exceptions founded on statute, any timely pleading of the defendant which goes to the merits is a general appearance although

it purports to be special or is coupled with a pleading which raises a jurisdictional question." The petitioner filed no pleading in this case.[2]

■ As revised in 1975, the same authority cogently sets forth the reasons why petitioner's action as a witness in the action below did not constitute a general appearance. It states, ". . . [T]he mere physical presence of a party or of his attorney in the court room during the trial, or at the taking of depositions where there is no participation, or the presence as a witness of a party over whom jurisdiction has not been acquired, will not of itself constitute an appearance in the action." (6 C.J.S. (1975) Appearances, § 21, pp. 27-28, fns. omitted.) With regard to the last statement a footnote recites, "*Reason for rule* [¶] Where a person presents himself in court as a witness in response to a subpoena, he does not thereby enter an appearance as a party litigant since in such case he appears by compulsion; the command to appear, subpoena (subject to punishment for disobedience), is not voluntary, and he waives no right by his obedience." (*Id.,* p. 28, fn. 62.)

■ We see no reasons why a witness who voluntarily gives his testimony should be subjected to a greater burden. It could make little difference to petitioner, a resident of Fresno, whether the action was tried in Santa Cruz, Santa Clara or Nevada County. The principles of *Semole* v. *Sansoucie, supra,* rather than *Chitwood* v. *County of Los Angeles, supra,* are applicable.

## II

For reasons expressed by this court in *Bernstein* v. *Superior Court, supra* (see 2 Cal.App.3d at pp. 703-705), we do believe that principles found in *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 741-742 [329 P.2d 489] and *Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907, 912-917 [72 Cal.Rptr. 561], which have been approved

---

[2]The real parties in interest suggest that the reference in *Wilson* v. *Barry, supra,* is misprinted and should be to 6 Corpus Juris Secundum (1937) Appearances, section 12, h, page 33, which carries the black face type "The filing of affidavits or interrogatories constitutes a general appearance except where the purpose is to bring out matters bearing on the court's jurisdiction in support of a special appearance." The text following indicates examples in which the affiant sought some relief from the court. In this case it was a codefendant, not the petitioner-declarant, who sought the change of venue. The same comment applies to petitioner's references to 6 Corpus Juris Secundum (1975) section 18, page 22; section 19, page 25; section 24, page 30; and section 30, page 48 (misprinted by real parties as p. 40), which echoes former section 12, h. The defendant as a witness did not seek, take steps to obtain or agree, or ask or consent to the change of venue. So far as appears he was a neutral witness.

in *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 436-442 [96 Cal.Rptr. 571, 487 P.2d 1211], are not applicable in this case.

■ There was no estoppel in this case. The declaration on which plaintiffs now rely expressly notified them that petitioner had not been served. The record indicates plaintiffs neglected to serve other defendants within the three-year period. There could not be and was no reliance on any act of petitioner which would mislead the plaintiffs.

Let a peremptory writ of mandate issue commanding respondent court to dismiss and to enter judgment in favor of petitioner in Santa Clara County Superior Court action No. 317622, Stephanie Frances Mattern, et al., v. American Bus Lines, Inc., etc., et al.

Elkington, J., and Lazarus, J.,* concurred.

A petition for a rehearing was denied June 17, 1977, and the opinion was modified to read as printed above. The petition of the real parties in interest for a hearing by the Supreme Court was denied July 28, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.