Filed 7/15/22  Marriage of Mackey and Singer-Mackey CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of THOMAS LEE MACKEY and LORIN SINGER-MACKEY. | |
| THOMAS LEE MACKEY,<br><br>    Respondent,<br><br>    v.<br><br>LORIN SINGER-MACKEY,<br><br>    Appellant. | D078663<br><br>(Super. Ct. No. D459749) |

APPEAL from a judgment of the Superior Court of San Diego County, Marcella McLaughlin, Judge.  Affirmed.

Law Offices of Melissa J. Schmitt and Melissa J. Schmitt for Appellant.

Dennis Geis Temko for Respondent.

Lorin Singer-Mackey appeals from a judgment entered after the family court denied her Code of Civil Procedure[1] section 473, subdivision (d) request

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

for an order to set aside a June 29, 2000 judgment of legal separation from her former husband, respondent Thomas Mackey.[2] In making her request, Lorin argued the family court lacked subject matter and personal jurisdiction to enter the judgment because she had not been served with a summons. The family court ruled in part that Lorin made a general appearance that operated as a functional equivalent of consent to the family court's exercise of jurisdiction and that a Judicial Council appearance, stipulations, and waivers form filed by the parties served as a written notice of appearance under section 1014. Lorin contends the family court erred, as it lacked fundamental jurisdiction over her and the judgment is therefore void on its face. We reject the contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*Petition for Legal Separation and Judgment*

On June 8, 2000, Thomas filed a petition for legal separation from Lorin (Super. Ct. San Diego County, 2020, No. D459749). In his sworn petition, Thomas asked the family court to confirm separate property assets and debts, and stated that community and quasi-community assets and debts had been disposed of by a May 26, 2000 separation agreement (the May 2000 separation agreement). On the same day, Thomas filed a Judicial Council form entitled "Appearance, Stipulations, and Waivers," signed on May 30, 2000, by both parties, who were representing themselves. In the appearance, stipulations and waivers form, the parties asserted, among other things, that

---

[2] We refer to the parties by their first names for ease of reference, and intend no disrespect.

2

"Respondent [Lorin] makes a general appearance."[3]  The court issued a family law summons at the same time.

Several days later, Thomas filed the summons as well as a declaration pertaining to his service of a declaration of disclosure and his income and expense declaration.  Thomas stated that he had provided Lorin with his preliminary and final declarations of disclosure on May 19, 2000.  Also filed was Lorin's similar declaration, stating that Lorin had served Thomas with her declaration of disclosure and income and expense declaration on May 19, 2000.  The parties signed their declarations on May 26, 2000.

On June 29, 2000, Thomas filed a declaration of uncontested legal separation, stating the parties "agreed that the matter may proceed as an uncontested matter without notice" and that they "have entered into an . . . agreement regarding their property and marital rights, including support, the original of which is or has been submitted to the court."  That day the court entered a judgment of legal separation, finding it had acquired jurisdiction over Lorin on June 8, 2000, and that Lorin "was served with process" and had "appeared."  The judgment states that child custody, visitation, child support, and spousal support were to be ordered as agreed upon pursuant to the attached May 2000 separation agreement signed and initialed by both parties.

---

[3]  Via checked form boxes, the parties also stipulated that "this cause may be tried as an uncontested matter"; they "waive[d] their rights to notice of trial, findings of fact and conclusion of law, motion for new trial, and the right to appeal"; "[t]his matter may be tried by a commissioner sitting as a temporary judge"; "[a] written settlement agreement has been entered into between the parties"; and "[a] stipulation for judgment will be submitted to the court at the uncontested proceeding."  They stipulated that "[n]one of the stipulations or waivers shall apply unless the court approves the written settlement agreement or stipulation for judgment."

The May 2000 separation agreement includes the parties' division of community and co-owned property. It contains a provision stating that the parties contemplated the filing of a proceeding for legal separation or dissolution, and provides the court would retain jurisdiction over various matters, including spousal and child support, to resolve disputes arising out of certain property division, and to supervise the agreement's overall enforcement. The agreement provides it "shall be incorporated into, made a part of, and merged into any judgment of legal separation or judgment of dissolution entered in any legal separation or dissolution proceedings now pending or hereafter commenced between the parties hereto" but it is not conditioned on any such incorporation, merger, or filing. (Some capitalization omitted.) It provides that "husband and wife shall submit to an order requiring that they carry out and perform each and every provision of this agreement to be observed or performed." (Some capitalization omitted.) The agreement contains an acknowledgement that both parties were fully informed about their rights, and entered into the agreement "voluntarily, free from fraud, undue influence, coercion of duress of any kind," had "given careful and mature thought to the making of this [a]greement," and "[f]ully and completely under[stood] the legal effect of each provision of" the agreement.

Thomas filed a notice of entry of the judgment in July 2000.

In February 2019, the parties signed a stipulation and order concerning the payment obligations listed in their May 2000 separation agreement. Specifically, they stipulated that Lorin had received from Thomas all spousal support and that she had received all of an equalizing payment provided for in the agreement. The stipulation was filed with and signed by the family court in March 2019.

4

*Lorin's Petition for Dissolution and Request to Void the June 2000 Judgment*

In November 2019, Lorin petitioned for dissolution of her marriage to Thomas (Super. Ct. San Diego County, 2019, No. 19FL013875C). She asked the family court to take judicial notice of all pleadings filed in case No. D459749 from June 8, 2000, to and including June 29, 2000.

The following month, Lorin, asserting she was making a "[s]pecial [a]ppearance," filed a request for an order to, among other things, void the June 2000 judgment pursuant to section 473, subdivision (d). She asserted in an accompanying declaration that Thomas had forced her to enter into the separation agreement and the judgment with the incorporated agreement was "invalid on its face," as the family court did not have personal jurisdiction over her. Lorin asserted she never appeared in the action or otherwise consented to jurisdiction, as the appearance, stipulations and waivers form was signed days before the case was opened.

Thomas responded to Lorin's request in part by asserting that Lorin had voluntarily and repeatedly submitted herself to the family court's jurisdiction.

The family court heard the matter in January 2020. In December 2020, it filed its findings and order after hearing. The court acknowledged the parties did not dispute the file lacked any proof of service of the summons on Lorin. However, it found Lorin made a "general appearance which operated as a functional equivalent to consent to [the family court's] exercise of jurisdiction" and the "[a]ppearance, [s]tipulation[s] and [w]aiver[s] served as a written notice of appearance pursuant to . . . [s]ection 1014." It ruled that under section 410.50, subdivision (a), Lorin's general appearance was the equivalent of personal service and under section 410.50, subdivision (b) her

5

appearance gave the court continuing jurisdiction over the parties throughout subsequent proceedings.

The court further ruled California Rules of Court, rule 5.68(c) provided that a general appearance is equivalent to service of summons and the petition. According to the court, this was "true irrespective of the fact that the signature on the appearance, stipulation[s], and waiver[s] preceded the filing of the family law certificate of assignment for the following reasons:

"a. The record reflects the parties came to an agreement and resolution of the marriage prior to May 30, 2000, as evidenced by their signatures on the separation agreement on May 26th. This evidences active participation in the case prior to the dissolution case being filed with the court by [Lorin].

"b. Further, the contemporaneous filing of the certificate of assignment and the [appearance,] stipulation[s,] and waiver[s] is secondary evidence of that act of participation and her consent to the court's jurisdiction.

"c. The subsequent filing of the separation agreement and judgment supports that intent and would also serve as a second general appearance within the meaning of section 410.510.

"d. The record is devoid of any subsequent efforts by [Lorin] to set aside the judgment pursuant to . . . [s]ection 473 or Family Code [s]ection 2122. In fact, the record reflects [Lorin] acted in a manner which manifested an intent not to set aside the judgment but to rely upon the judgment, as she subsequently accepted the terms of the agreement to include the equalization payment and support." (Some capitalization omitted.)

Lorin filed a timely notice of appeal.

6

DISCUSSION

Lorin contends the family court erred by denying her motion to set aside the judgment because it lacked fundamental jurisdiction in case No. 459749, and as a result the judgment is void on its face. She points to the unremarkable proposition that "[a] judgment is void for lack of jurisdiction of the person where there is no proper service of process on or appearance by a party to the proceedings." (*David B. v. Superior Court* (1994) 21 Cal.App.4th 1010, 1016.) Lorin concedes that the family court would obtain fundamental jurisdiction over her if her signing of the appearance, stipulations and waivers form constituted a general appearance, as the family court found. She maintains her signing that document, however, was not the functional equivalent of consent to jurisdiction under section 1014 defining an "appearance,"[4] it was not the equivalent of personal service under section 410.50, subdivisions (a) or (b), and it was not the equivalent of service of the summons or petition under California Rules of Court, rule 5.68. She repeatedly argues she "did not answer, demur, file a notice of motion to strike, file a motion to transfer or move for reclassification" and she "did not give Thomas written notice of appearance in San Diego Superior Court case No. D459749 by signing the appearance, stipulations, and waivers on May 30, 2000, because case No. D459749, did not exist on May 30, 2000." (Some capitalization omitted.) She asserts: "It is no more possible to appear in a case that does not exist than it is to appear at a hearing that never took

_____

4    Section 1014 provides in part: "A defendant appears in an action when the defendant answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant."

7

place. Further, the legal separation agreement Lorin seeks to set aside, makes no reference to a case number."

## I. *Standard of Review and Appellate Principles*

Lorin argues that this court reviews de novo whether the family court had fundamental jurisdiction, as that is a pure question of law. Thomas argues it is a legal question whether a judgment or order is void, but the court's decision whether to set aside a void judgment is discretionary and thus reviewed for abuse of discretion. He argues this court reviews the family court's factual determinations for substantial evidence and its legal conclusions de novo.[5]

The procedural facts here are undisputed. Application of the law to such facts ordinarily presents a legal question that we review de novo. (*Boling v. Public Employment Relations Board* (2018) 5 Cal.5th 898, 912-913.) But "when conflicting inferences may be drawn from undisputed facts, the reviewing court must accept the inference drawn by the trier of fact so long as it is reasonable." (*Id.* at p. 913.) The review standards are essentially the same in the context of a request to set aside a void judgment or order under section 473, subdivision (d). "[T]he reviewing court 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside.' [Citation.] The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order [or judgment] is reviewed for

---

[5] Thomas also invites this court to evaluate whether we possess jurisdiction to consider this appeal, stating Lorin did not include a notice of appeal or designation of record in the appellate record. But Lorin filed her notice of appeal in January 2021 and the superior court transmitted it to this court. She designated the appellate record the following month.

abuse of discretion." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020; see *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1225.) Under the latter standard, we decide whether the family court's decision exceeded the bounds of reason in light of the circumstances before it. (*County of San Diego*, at p. 1230.)

Under any standard, Lorin as the appellant must abide by settled principles of appellate review. We presume the correctness of the judgment and she must affirmatively show error. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1484.) She must identify what particular legal authorities show error with cogent argument. (See *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1443; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; Cal. Rules of Court, rule 8.204(a)(1)(B) [appellant's brief must "support each point by argument"].) "One cannot simply say the [family] court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.'" (*United Grand Corp.*, at p. 153.)

II. *Lorin Generally Appeared and Consented to the Court's Jurisdiction*

We uphold the family court's ruling that Lorin made a general appearance and consented to the family court's jurisdiction in case No. 459749. By signing the appearance, stipulations and waivers form filed in case No. 459749, Lorin represented she was making a general appearance and informed the family court the parties had entered into a settlement agreement (the May 2000 separation agreement) that expressly contemplated

9

the later filing of a petition over which the family court would exercise jurisdiction as an "uncontested matter." Lorin agreed the May 2000 separation agreement would be incorporated into any judgment and she would submit to an order requiring her to perform. Years later, in the same case, Lorin represented via signed stipulation that she had received benefits of the separation agreement, and that stipulation was made into a court order.

It is "long settled" that a party's consent is a proper basis to confer personal jurisdiction. (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1279.) Consent to personal jurisdiction may be given by a contract provision. (*Rockefeller Technology Investments* (*Asia*) *VII v. Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 140.) " '[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.' " (*Id.* at pp. 139-140.) The family court did not abuse its discretion by finding that Lorin consented to the court's jurisdiction—even in a future action or proceeding—by entering into the May 2000 separation agreement and then the appearance, stipulations, and waivers form.[6]

Lorin also made a general appearance in case No. 459749. Her repeated assertions that she did not perform the acts delineated in section 1014 are unavailing. A party may appear in ways other than those specifically designated in section 1014; the section is "*not* exclusive." (*Creed*

---

[6] Thomas points out courts will not review a consent judgment on appeal, but he has not moved to dismiss this appeal on that basis. (See e.g., *People v. International Fidelity Ins. Co.* (2007) 151 Cal.App.4th 1056, 1057-1058 [dismissing appeal as from a consent judgment].) We need not consider the point further.

*v. Schultz* (1983) 148 Cal.App.3d 733, 739; see also *Slaybaugh v. Superior Court* (1977) 70 Cal.App.3d 216, 222.) " 'A general appearance is not necessarily a formal, technical step or act. The term is applied to various acts which, under established principles of procedure, are deemed to confer jurisdiction of the person. The underlying theory is that a defendant makes a general appearance when he *takes any part in the action or proceeding . . . .*' [Citation.] ' " ' "A 'general appearance' must be express or arise by implication from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only." ' " ' [Citations.] It will be established where a party in some manner recognizes ' "the authority of the court to proceed in the action." ' " (*Creed*, at p. 740.)

We have little difficulty holding the family court was well within its discretion to decline to set aside the judgment. It reasonably ruled Lorin generally appeared when the appearance, stipulations and waivers form she entered into with Thomas was filed with the court. (See *Falcon v. Long Beach Genetics, Inc., supra,* 224 Cal.App.4th at p. 1279 [party's "execution of the stipulation constituted a general appearance in the matter, which operated as a consent to jurisdiction of his person," rejecting party's due process argument].) She later stipulated that she had received the benefits of the May 2000 separation agreement. In these ways, she " 'recognize[d] 'the authority of the court to proceed in the action.' ' " (*Creed v. Schultz, supra,* 148 Cal.App.3d at p. 740.)

III. *Lorin Has Not Otherwise Met Her Burden to Demonstrate Error*

Lorin's arguments boil down to this: When she signed the separation agreement in May 2000, no case existed, and it was therefore impossible for her to appear. But this specific point—made wholly without citation to

11

authority or reasoned legal argument—does not meet her appellate burden to show error. We consider the argument forfeited.

We likewise decline to address Lorin's contention that her signing of the appearance, stipulations and waivers form was not the equivalent of service of the summons or petition under California Rules of Court, rule 5.68. That rule states in part: "A general appearance of the respondent is the equivalent to personal service within this state of the summons and a copy of the petition upon him or her." (Cal. Rules of Ct., rule 5.68(c).) After quoting the rule and the family court's ruling, Lorin argues: "On February 4, 2020, the court found Thomas did not serve Lorin with the petition or the summons. Lorin did not file a response. Lorin did not sign and return a notice and acknowledgement of receipt. Therefore, there was no service pursuant to [the rule]. California Rule of Court [*sic*] does not state that signing a 'separation agreement' or any agreement at all, with no case number, constitutes a 'general appearance' in a case that does not exist at the time the agreement is signed." (Some capitalization omitted.) She then asserts: "There does not appear to be any legal authority to support the position that a party can make a general appearance in a case that does not exist."

Of course, as we have stated, it is Lorin's burden as the appellant to support her arguments with reasoned legal analysis and authority. Because she has not done so, the points do not present grounds to reverse. (*Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 27 [" ' "suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review" ' "]; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 [same]; *United Grand Corp.*

12

*v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 153.) Absent a showing of error, we uphold the judgment.

DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.