Filed 10/7/25  Paperman v. Besser CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DEBBIE PAPERMAN, | B336740, B340882 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20SMCV00343) |
| v. | |
| SEAN B. BESSER et al., | |
| Defendants and Respondents. | |

APPEALS from a judgment and orders of the Superior Court of Los Angeles County, H. Jay Ford III, Judge.  Reversed and remanded.

WDA, Whitney D. Ackerman, Joshua C. Greer, and Duncan McGee Nefcy for Plaintiff and Appellant.

Brian R. Condon for Defendants and Respondents.

————————————————

Debbie Paperman appeals the judgment entered after the trial court granted defendants Sean and Samantha Bessers' motion to quash service of Paperman's first amended complaint and to dismiss the action pursuant to Code of Civil Procedure sections 583.210 and 583.250.[1]  Paperman separately appeals the trial court's order awarding the Bessers attorney fees as prevailing parties pursuant to Civil Code section 1717.

We conclude that the trial court erred in dismissing the action.  It is undisputed that Paperman effected proper service of the original complaint and summons.  This was sufficient to meet the requisites of section 583.210.  That the complaint's defects prevented Paperman from obtaining a default judgment did not support a finding that she failed to serve the complaint and summons within three years of the commencement of the action.  We therefore reverse the judgment and the subsequent order awarding the Bessers contractual attorney fees.

### FACTUAL AND PROCEDURAL BACKGROUND

Paperman filed the original complaint on March 3, 2020.  She alleged that she signed a month-to-month lease agreement with the Bessers in August 2016 and had issues with the habitability of the property throughout her tenancy.  According to the complaint, months before the tenancy began, the Bessers had been informed that the property was not a legal residence and could not be used as a rental property, but they concealed that information from Paperman.  Paperman discovered the property was not a legal rental in February 2019.  She alleged that she was "constructively evicted due to no fault of her own" in April 2019.

---

[1]     All further undesignated statutory references are to the Code of Civil Procedure.

Paperman alleged that she suffered damages of $1,000 per month of the tenancy, her security deposit, relocation fees, attorney fees, and costs.  The Bessers also "reported to [Paperman's] credit the details of the tenancy which were not correct or not true," which caused Paperman to be unable to rent a new apartment and cost her "in excess of $500 additional dollars per month in rent and [is] still damaging her credit."  Paperman asserted 10 causes of action against the Bessers, including breach of contract.  The complaint asserted that the amount in controversy exceeded the court's jurisdictional minimum of $25,000, but it did not state the total amount of damages Paperman sought.

In July 2020, Paperman filed a proof of service of summons for each defendant, stating that service had been completed on March 15, 2020.  She obtained an entry of default.  However, over the next two years, Paperman repeatedly attempted, and failed, to perfect a default judgment.  Among other things, the trial court found that the declarations Paperman submitted in support of default judgment were insufficient to support the award requested—over $600,000—and the complaint failed to state the amount of damages sought.  Paperman moved to vacate the default several times in the process and filed proofs of service of statements of damages on the Bessers.  In October 2022, the trial court granted Paperman's motion to vacate the default and also ordered that Paperman was permitted to file a first amended complaint.

Shortly thereafter, Paperman filed a first amended complaint against the Bessers in which she stated the actual and general damages she sought in her prayer for relief.  She also

3

filed proofs of service of the first amended complaint, which were signed by a registered process server.

In December 2022, Paperman filed another request for default, which the clerk entered. In January 2023, Paperman requested entry of judgment and filed further supporting declarations.

At a hearing on January 19, 2023, the trial court found that Paperman's filings were insufficient to support a default judgment despite the multiple opportunities she had been given. The court stated it was not inclined to set further hearings if judgment could not be entered. It granted Paperman's oral motion to vacate the default. Paperman subsequently filed proofs of service of amended statements of damages.

In July 2023, Paperman filed a request for entry of judgment and another declaration in support of the request. On July 25, 2023, the trial court entered a default judgment.

In October 2023, the Bessers filed a motion to set aside the judgment. The motion referenced the original complaint, not the first amended complaint, and argued that the original complaint failed to disclose the amount of damages sought and the court therefore lacked jurisdiction to enter default judgment pursuant to section 580. The Bessers also argued that the court should dismiss the action for failure to prosecute under sections 583.410 and 583.420 because Paperman had failed to prove up the default in three and a half years. The Bessers suggested the court could, alternatively, vacate the portion of the award in excess of the court's minimum jurisdiction of $25,000 and modify the award to an amount warranted by the complaint, which they asserted was $2,000 to $3,000. They indicated they would not object to a judgment of that amount.

4

Paperman opposed the motion on the ground that it ignored the first amended complaint. In response, the Bessers filed declarations in which they stated that they "ha[d] been advised of this lawsuit since about May of 2020" and chose to take a " 'wait and see' approach" on the advice of counsel. They denied that they were ever served with the first amended complaint or the amended statement of damages.

On October 26, 2023, the trial court granted the motion to vacate the default judgment. The court noted that the judgment was entered in error as the court had vacated all previous defaults.

In November 2023, the Bessers filed a motion to quash service of process of the first amended complaint and summons and to dismiss for lack of jurisdiction. They submitted declarations stating they were not served with the first amended complaint. In their motion, the Bessers did not claim that Paperman had failed to serve the original complaint. Instead, they argued that "[t]he original complaint had a defective prayer that prevented the Court from having jurisdiction to fashion a remedy in the absence of an answer." They asserted the court should grant the motion to quash because Paperman had not served the first amended complaint within three years of the commencement of the action, and dismissal was mandatory under sections 583.210 and 583.250. Alternatively, the Bessers argued that the court should exercise its discretionary power under sections 583.410, 583.420, and California Rules of Court, rule 3.1340, to dismiss the action.

In her opposition, Paperman asserted that she had served the original complaint and summons on the Bessers. She contended the Bessers did not dispute that the initial service was

5

proper or that the court obtained personal jurisdiction over them pursuant to the service of the summons and original complaint. Paperman also argued that service of the first amended complaint was proper because a registered process server completed personal service on Sean Besser on October 27, 2022, and he had accepted service on behalf of himself and his wife.

On February 20, 2024, the trial court granted the Bessers' motion to quash service of the first amended complaint and to dismiss the action pursuant to section 583.250. The court found Paperman had failed to meet her burden of proving effective service of the first amended complaint. The court ordered the case dismissed without prejudice because "[t]he case was filed on 3-3-20, and as of 2-15-24 the Bessers have not been properly served, more than three years after the filing, thus the case must be dismissed." The court cited sections 583.210 and 583.250 and *Slaybaugh v. Superior Court* (1977) 70 Cal.App.3d 216 (*Slaybaugh*), which concerned former section 581a, the predecessor to section 583.250. The court relied on the *Slaybaugh* court's holding that, " 'where summons has not been served and returned and where the defendant has made no general appearance within the three-year period,' " dismissal under the statutory provisions is " 'mandatory and jurisdictional.' " (*Id*. at p. 221.) The court found there were "too many inconsistencies within Paperman's declarations to persuasively overcome the Bessers' declarations, and attached evidence, that show they were not served" with the first amended complaint. It granted the motion to quash service of the first amended complaint and granted the Bessers' motion "pursuant to [sections] 583.210, 583.250." The court reiterated: "[S]ince more than three years have passed since the filing of the claim without

6

proper service the case must be dismissed." The court did not address the service of the original complaint and summons.

On February 26, 2024, the trial court entered a judgment of dismissal. Paperman timely appealed the judgment.

In April 2024, the Bessers moved for an award of attorney fees as the prevailing parties under Civil Code section 1717. In August 2024, the court granted the motion. Paperman timely appealed. We consolidated the two appeals for purposes of oral argument and decision.

## DISCUSSION

## I. The Trial Court Erred in Granting the Motion to Dismiss Pursuant to Sections 583.210 and 583.250

Paperman contends the trial court erred in dismissing the action pursuant to sections 583.210 and 583.250 because she properly served the original complaint and summons, and the trial court therefore obtained personal jurisdiction over the Bessers only weeks after the action commenced. Paperman further contends the record does not support the conclusion that the trial court alternatively granted the motion to dismiss on discretionary grounds. We agree.

### A. Standard of review

Where the relevant facts are undisputed, we review de novo a trial court's order dismissing an action for failure to serve the summons and complaint within three years of the filing of the original complaint. (*Higgins v. Superior Court* (2017) 15 Cal.App.5th 973, 980.)

This appeal also raises the question of the proper interpretation of section 583.210. "Statutory interpretation is a question of law that we review de novo. [Citation.] 'Our fundamental task in interpreting a statute is to determine the

7

Legislature's intent so as to effectuate the law's purpose.  We first examine the statutory language, giving it a plain and commonsense meaning. . . .  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724 (*Bruns*).)

### B. Service of the original summons and complaint satisfied the section 583.210 requirements

Under section 583.210, subdivision (a), "[t]he summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant.  For the purpose of this subdivision, an action is commenced at the time the complaint is filed." (*Ibid*.)  " 'Complaint' includes a cross-complaint or other initial pleading." (§ 583.110, subd. (b).)  Section 583.250 provides that if service is not made within three years, "[t]he action shall be dismissed by the court on its own motion or on motion of any person interested in the action . . . ." (*Id*., subd. (a)(2).)  Dismissal is mandatory.  (*Id*., subd. (b).)

Read together, the plain meaning of these statutory provisions is that the trial court must dismiss an action if the plaintiff fails to serve the initial pleading and summons upon a defendant within three years after the initial pleading is filed.  Here, Paperman filed her initial pleading, and the action commenced, on March 3, 2020.  Paperman served the original complaint and summons on March 15, 2020, well within the three year deadline.  She filed proofs of the service of the initial pleading and summons in July 2020.  The Bessers did not challenge the service of the original complaint.  Rather, they stated they were aware of the action in 2020 and chose not to

8

respond to it.  Dismissal under section 583.250 was not mandatory or proper under the undisputed facts.

The Bessers contend the absence of a specific damages request in the original complaint means "there was never any *operative* complaint served on the Bessers within the mandatory time-frame" and the court never "obtained fundamental jurisdiction."  As we understand their argument, the Bessers conflate two jurisdictional concepts: personal jurisdiction over a defendant, and the court's jurisdiction to enter a default judgment in the amount of damages a plaintiff requests.

Section 583.210 implicates only personal jurisdiction. "Ordinarily, a court gains jurisdiction over the defendant from the time the defendant is served with a copy of the summons and the complaint on which it's based, as required under the Code of Civil Procedure." (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 392 (*Stancil*), citing §§ 410.50, 412.20.)  "Proper *service of process* of a petition or complaint is the means by which a court obtains personal jurisdiction over a party." (*Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1206.)[2]  "From the defendant's perspective, '[d]ue notice to the defendant is essential to the jurisdiction of all courts, as sufficiently appears from the well-known legal maxim, that no one shall be condemned in his person or property without notice, and an opportunity to be heard in his

---

[2]     Section 410.50, subdivision (a), provides that "the court in which an action is pending has jurisdiction over a party from the time summons is served on him" pursuant to the chapter concerning service of summons (§ 413.10 et seq.).  Section 412.20 sets forth what a summons must contain.  It also provides that "[a] summons in a form approved by the Judicial Council is deemed to comply with this section." (*Id.*, subd. (c).)  The original summonses served on the Bessers were Judicial Council forms.

9

defence.' [Citation.] Service of process thus protects a defendant's due process right to defend against an action by providing constitutionally adequate notice of the court proceeding." (*Rockefeller Technology Investments (Asia) VII v. Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 139.)

The record establishes that Paperman served the Bessers with the summons and original complaint. The Bessers had adequate notice of the proceeding and an opportunity to present a defense, though they chose not to do so. The trial court therefore obtained personal jurisdiction over them, within the time constraints of section 583.210.

The Bessers, however, rely on authorities that concern the trial court's jurisdiction to enter a default judgment. Our Supreme Court has explained that "section 580 is to be interpreted, in accordance with its plain language, to deprive a trial court of jurisdiction to enter a judgment against a defaulting defendant which awards greater relief than that sought in the plaintiff's complaint." (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167.) Unlike section 583.210, section 580 does not address a trial court's ability to exercise personal jurisdiction over a defendant. Thus, while the Bessers' argument regarding the original complaint's failure to state a specific amount of damages was relevant to the trial court's ability to enter a default judgment for a certain amount, it was not relevant to whether the trial court had personal jurisdiction over the Bessers. The Bessers offer no authority or specific argument to suggest that there is a basis to treat personal jurisdiction and jurisdiction to enter a default judgment as one and the same.

We note that the Bessers' motion to vacate judgment in fact recognized that the court could enter a judgment in an amount supported by the complaint which did not exceed the court's jurisdictional minimum. They therefore implicitly conceded that the court had personal jurisdiction over them, notwithstanding Paperman's failure to specifically identify a damages amount in the complaint. (See *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1024 [where complaint only "refer[red] to damages in excess of the $25,000 jurisdictional minimum," court "could reverse and reduce the default judgment to that amount"].)

Finally, the Bessers contend that Paperman's request to vacate the default on the original complaint to allow her to file an amended complaint rendered the original complaint a "nullity," and, "[p]rocedurally, it was as though no complaint had ever been served." The Bessers thus appear to argue that although the filing of the original summons and complaint started the three-year clock running under section 583.210, the undisputedly effective service of process became invalid once Paperman filed an amended complaint. The Bessers offer no legal or logical analytical support for this contention.[3]

---

[3] The Bessers cite three cases to support this portion of their brief. Two, *Slaybaugh, supra,* 70 Cal.App.3d at page 221, and *Busching v. Superior Court* (1974) 12 Cal.3d 44, 49, are inapposite. We are unable to locate any case that corresponds with respondents' third citation: *Slayter v. Riverside County Dept. of Child Support Services* (2017) 9 Cal.App.5th 341. It appears that no such case exists. We remind and caution counsel that "[a]n attorney is an officer of the court and owes the court a duty of candor," which means that an attorney must not make any

11

Neither section 583.210 nor any caselaw interpreting it suggests that a plaintiff who files a complaint and properly serves it with a summons on the defendant within three years *invalidates* that service by filing an amended complaint, while, at the same time, the plaintiff remains subject to a three-year service period that began with the filing of the *original* complaint. The Bessers ask us to interpret section 583.210 as requiring that the summons, complaint, *and any amended complaints*, be served within three years of the commencement of the action. Had this been the Legislature's intent we would expect that it would have so stated. It did not, and we decline to adopt an interpretation which runs counter to the plain language of the provision. (*Bruns*, *supra*, 51 Cal.4th at p. 724 [courts must follow a statute's plain meaning if the language is clear].)

The Bessers argue that once Paperman filed the amended complaint she could no longer obtain relief based on her original pleading. But, as discussed above, section 583.210 is not

_____

false statement of fact or law to the court. (*Levine v. Berschneider* (2020) 56 Cal.App.5th 916, 921, citing Rules Prof. Conduct, rule 3.3(a)(1) and Bus. & Prof. Code, § 6068, subd. (d).) It is incumbent upon counsel to ensure that citations to authorities in an appellate brief are legitimate and accurate. We further emphasize that "it is a fundamental duty of attorneys to *read* the legal authorities they cite in appellate briefs or any other court filings to determine that the authorities stand for the propositions for which they are cited." (*Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 445.) Had counsel attempted to read *Slayter*, "he would have discovered, as we did, that the case[ ] . . . did not exist." (*Ibid.*; see also *id*. at pp. 447–448 [imposing sanctions on counsel for reliance on fabricated cases and quotations].)

concerned with the entry of judgment or whether a complaint is ultimately defective.  Instead, it requires only that the plaintiff enable the court to obtain personal jurisdiction over the defendant within three years of the commencement of the action.  The filing of the amended complaint did not disrupt the personal jurisdiction that flowed from the proper service of the initial summons and complaint.  (See, e.g., *Hardell v. Vanzyl* (2024) 102 Cal.App.5th 960, 968 ["the filing of an amended complaint does not require the issuance of a new summons when the parties remain the same"]; *Gillette v. Burbank Community Hosp.* (1976) 56 Cal.App.3d 430, 433 [same].)

In sum, Paperman served the summons and original complaint on the Bessers within three years after commencing the action against them.  That the original complaint may have been insufficient to support the entry of a default judgment in the amounts Paperman requested was not relevant to the analysis under sections 583.210 and 583.250.  The trial court's dismissal of the action under section 583.250 was error.

C.     **The trial court did not exercise its discretion to dismiss the action pursuant to section 583.410**

The Bessers argue that it would have been reasonable for the court to dismiss the action for lack of prosecution under the discretionary provisions of section 583.410 et seq., and, further, that the record does not definitively establish that the trial court's order was not based, in part, on this discretionary authority.  While in general this court may affirm a trial court order if it is correct on any ground, the record in this case

13

prevents us from affirming based on the discretionary dismissal provisions.

Under section 583.410, subdivision (a), a court may in its discretion dismiss an action for delay in prosecution pursuant to its own motion or on motion of the defendant if appropriate under the circumstances of the case. The court may not dismiss an action for delay in prosecution unless one of several conditions has occurred, including that the action was not brought to trial within three years. (§ 583.420, subd. (a)(2)(A).) California Rules of Court, rule 3.1342(e) sets forth matters the trial court must consider when determining whether to dismiss an action on discretionary grounds.

"Where a written order clearly expresses the legal and factual basis for the trial court's resolution of controverted issues, an appellate court will not imply findings the trial court did not make." (*L.Q. v. California Hospital Medical Center* (2021) 69 Cal.App.5th 1026, 1049; accord, *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1384, superseded by statute on other grounds.)

Here, in its minute order, the trial court repeatedly stated "the case must be dismissed" because there had been no proper service in three years. It granted the Bessers' "motion to dismiss pursuant to [sections] 583.210, 583.250." The court quoted section 583.210 and cited *Slaybaugh* for the proposition that statutory dismissal provisions are " 'mandatory and jurisdictional' " if the plaintiff has not served the summons and complaint within three years and the defendant has made no general appearance. (*Slaybaugh*, *supra*, 70 Cal.App.3d at p. 221.) The trial court did not cite the statutes permitting discretionary dismissal for delay in prosecution, California Rules of Court,

14

rule 3.1342(e), or any decisions discussing those statutes or that rule. The court also did not make any findings about Paperman's diligence. (See Cal. Rules of Court, rule 3.1342(e)(2), (4).)

The Bessers nevertheless contend that the trial court did not necessarily dismiss the action on mandatory rather than discretionary grounds. Quoting *Skelly Estate Co. v. San Francisco* (1937) 9 Cal.2d 28, 33, the Bessers assert that " ' "must" is not necessarily determinative of [a statute's] mandatory import' " and may be " 'construed as [a] directory term[ ].' " However, construing the trial court's use of "must" as directory—i.e., as "providing advisory but not compulsory guidance"—does not make sense in context here. (Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/directory> [as of Oct. 6, 2025], archived at <https://perma.cc/8CLX-TDUN>.) Any ambiguity in the trial court's use of "must" is resolved by its express references to sections 583.210 and 583.250, and the absence of any mention of section 583.410.

The Bessers also assert that "there is no real dispute that it would be within reason for the trial court to have dismissed the case under its discretionary authority, for lack of prosecution under CCP § 583.410." In other words, the Bessers argue that the trial court would not have abused its discretion if it had dismissed the action on discretionary grounds. This is immaterial since the trial court did not exercise that discretion. As the court explained in *Ystrom v. Handel* (1988) 205 Cal.App.3d 144, "whether a case should be dismissed for failure to prosecute diligently is a complex question of fact and law. Adjudication of this issue involves assessing credibility, resolving conflicts in the evidence and balancing competing judicial

15

policies. [Citation.] All of these tasks are uniquely within the province of the trial court." (*Id*. at p. 151.) We may not substitute our judgment for that of the trial court.

## II. The Order Granting the Motion to Quash Must Be Reversed, However We Do Not Disturb the Trial Court's Finding That Paperman Failed to Properly Serve the First Amended Complaint

On appeal, Paperman additionally challenges the trial court's order granting the Bessers' motion to quash service of process related to the first amended complaint. Paperman disputes that there was substantial evidence to support the finding that she did not properly serve the first amended complaint.

An order granting a motion to quash is a conclusion that the plaintiff has failed to establish that the court has personal jurisdiction over the defendant. (§ 418.10, subd. (a)(1); *Stancil*, *supra*, 11 Cal.5th at p. 396 [motion to quash is "a limited procedural tool appropriate where the court lacks personal jurisdiction because the statutory requirements for service of process are not fulfilled"]; *Kroopf v. Guffey* (1986) 183 Cal.App.3d 1351, 1360 ["a motion to quash service is strictly limited to the question of jurisdiction over the defendant"].) Here, irrespective of any failure to serve the amended complaint and additional summons on the Bessers, we have already determined that the court had personal jurisdiction over the Bessers due to the proper service of the original complaint and summons. Our conclusion that dismissal of the action was not proper under sections 583.210 and 583.250 necessarily encompasses the trial court's order granting the motion to quash and compels reversal.

16

However, whether service of the first amended complaint was proper is a legitimate question, even if the vehicle for the challenge was incorrect. "Where the defendant has failed to appear in the action, service of an amended complaint in the manner provided for service of summons, while not necessarily a requirement for personal jurisdiction [citation], is an essential prerequisite to a valid default judgment [citation]." (*Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d 436, 443 (*Engebretson*).) We therefore review the trial court's underlying ruling that service of the first amended complaint did not occur.

Substantial evidence supports the trial court's finding. The record establishes that a registered process server signed the proofs of service of the first amended complaint, which creates a rebuttable presumption of proper service. (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 390; Evid. Code, § 647.) Paperman argues that the Bessers "produced nothing in response to [her] process server's declaration." Not so. The Bessers submitted declarations and documentary evidence that called the truth of the process server's statements into question. (*American Express*, at p. 390 [plaintiff failed to carry burden of proving effective service where evidence demonstrated the proof of service was "untruthful"].)

According to the process server's declaration, Sean informed the process server that both Sean and Samantha were home and he agreed to accept service on behalf of them both. The Bessers' declarations and a work calendar attached to Samantha's declaration provided evidence that Samantha was not home on the morning service purportedly took place. The court found there were "too many inconsistencies within Paperman's declarations to persuasively overcome the Bessers'

17

declarations and attached evidence." " '[I]t is the trial court's role to assess the credibility of the various witnesses, to weigh the evidence to resolve the conflicts in the evidence.' " (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 786.) We will not disturb the trial court's conclusion that the Bessers were credible and service of process of the first amended complaint did not occur.

Paperman's failure to personally serve the first amended complaint on the Bessers therefore precludes her from obtaining a default judgment against them based on that complaint (*Engebretson*, *supra*, 125 Cal.App.3d at p. 443), unless and until she demonstrates proper service of the first amended complaint upon remand.

## III. The Order Awarding Fees under Civil Code Section 1717 Must Also Be Reversed

The trial court awarded the Bessers attorney fees pursuant to Civil Code section 1717. However, because we reverse the judgment, there is no longer a final resolution of the contract claims. The trial court's determination that the Bessers were the prevailing parties under Civil Code section 1717, subdivision (a), cannot stand and the order awarding attorney fees must also be reversed. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 ["prevailing party determination is to be made only upon final resolution of the contract claims"].) We need not reach the other issues raised in Paperman's appeal of that order.

## DISPOSITION

The judgment and trial court orders dated February 20 and August 6, 2024 are reversed and the matter is remanded for further proceedings.  The parties are to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

HANASONO, J.